McGough & Crews vs. The Insurance Bank of Columbus and McDougald.

---

No. 21.—McGough & Crews, plaintiffs in error vs. The Insurance Bank of Columbus, and Daniel McDougald, defendants in error.

[1.] A party having elected to proceed at law, equity will not interpose until he has pushed his remedy to every available extent; neither will a Court of Chancery *anticipate* that the legal redress may not prove effectual.

[2.] The garnishment acts of this State may not, either in express terms or by fair implication, have ousted Chancery of its previous jurisdiction over the same subject-matter; still, if a bill were filed, it would be demurrable on the ground that there was an ample remedy *at law*, unless there was something peculiar in the circumstances of the case.

[3.] A charge in a creditor's bill that he *fears* that his debtor, if he gets possession of funds which he is proceeding to collect under execution, will apply them to the payment of other liens, having no priority over his own, will not justify the interposition of a Court of Chancery. He must state the *ground* of his *fears*, or allege some *issuable fact*, such as a fraudulent combination between his debtor and other creditors, to entitle him to equitable relief.

In Equity. From Muscogee Superior Court. Tried upon demurrer, before Judge Alexander.     Term, 1846.

For the facts stated in the bill, and the error assigned, see the decision of the Supreme Court.

JOHNSON & WILLIAMS, for plaintiffs in error.

The Court erred in dismissing the bill.

Because the plaintiff had a right to file the bill without sanction and injunction. *Prince*, 462. And, upon the final hearing, the Court should have decreed upon the facts as alleged and proven. *Bland* 201.

Because, though an injunction was not awarded in the first instance, the Court might have so ordered during the progress of the cause. 1 *Maddock*, 352; 2 *Paige*, 355; 18 *Ves. Jr.* 552; 3 *Black.* 344.

If there is equity in the bill, and chancery is not deprived of its jurisdiction, though a remedy at law may be given, the jurisdiction is concurrent. 1 *Black.* 62; 4 *Cowen*, 717; 17 *John.* 388; 9 *Ves. Jr.* 464.

The equity of the bill is not destroyed by suing out of the garnishment. The remedy at law is not adequate, but uncertain and contingent, and the doctrine of election cannot apply. 7 *Ala. R.* 942; 1 *Smith Chan. Prac.* 561; 4 *John.* 84.

There is equity in the bill. 4 *John.* 671, 687; 2 *John.* 283, 144; 1 *Paige*, 168; 2 *McCord*, 410; 7 *Ala.* 319.

H. HOLT, for the defendants in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

The firm of McGough & Crews obtained a judgment, in the Superior Court of Muscogee County, against the Insurance Bank of Columbus, for $5,945, on which an execution was issued, and placed in the hands of the Sheriff, who made thereon a return of *nulla bona.* The Insurance Bank of Columbus, the defendant in the *fi. fa.* obtained sundry judgments against Daniel McDougald, and McDougald & Robinson, which were also placed in the hands of the Sheriff of the same County, and by him levied on a large amount of property, belonging to McDougald, which was advertised for sale. McGough & Crews, in January, 1846, caused summons of garnishment to be issued and served on McDougald, requiring him to answer what he was indebted to the said Bank.

We are not advised by the record what further proceedings (if any) were had upon this garnishment.

The plaintiffs in error allege in the bill filed by them, that they were advised that this remedy was ineffectual for the protection of their rights, and that it would not arrest the progress of the executions against the garnishee in favour of the Bank.   They further complain, that the Bank is insolvent, and that if it shall collect the money due it by McDougald, that it will be applied to the payment of liens which have no priority over those of the plaintiffs in error.

To the bill alleging the foregoing facts, a general demurrer was filed and sustained for want of equity.   To this judgment of the Court the complainants excepted and appeal to us, to say whether there was not error in the decision of the court below.

In behalf of the plaintiffs in error, it is urged, that they have no common law remedy adequate to the exigencies of their case ; and that even if they had, chancery has a concurrent jurisdiction, the redress at law being contingent.

It is certainly true, that where a creditor has exhausted his [1.] remedies at law, and there are assets belonging to his debtor which he cannot get hold of, that equity will assist him to reach and subject those assets to the payment of his judgment.   But the difficulty here is, and to the mind of the Court an insuperable one, that the creditor has failed to do what is required of him.   He has elected to proceed at law, by suing out his garnishment.   It does not appear, neither is it averred to be true, that any obstacles were interposed, or even threatened.   It is conceded that the garnishment would not have arrested the collection of the *fi. fas.* which the Bank held against McDougald.   We are inclined also to think, that if the garnishee had pleaded the outstanding judgments against him, that it would have operated as a bar to any other or further answer.   But he was not put to this trial, and had he been, he might not have availed himself of this excuse.   Moreover, the bill charges, that the Bank was proceeding to collect the money due on their executions; and it does not appear but that a notice to the Sheriff, accompanied by the execution in his hands against the Bank, would have availed to hang up the fund, until it could be equitably distributed by the Court below.   The parties, then, having partially proceeded at law to enforce their rights, and having shown nothing which has occurred, either by the action of the Court, or of their adversaries, to oust them of the benefit of

their remedy, they have failed to make out a case, a *nodum juris,* which could entitle them to the aid of a court of equity.

But the plaintiffs contend, that the remedy by garnishment is only cumulative, and does not deprive chancery of the jurisdiction which belonged to it over this subject before our garnishment acts were passed. Perhaps a sufficient answer to this would be, that admitting this to be true, still the parties would not be entitled to both remedies at once, and that they were bound by the election already made.

[2.] But there is another answer to this proposition which we hold to be conclusive. Our garnishment acts may not take away the jurisdiction of chancery, either in express terms or by fair implication, still, like our statutes giving a common law remedy to foreclose mortgages and to establish lost papers, if there be an adequate remedy in all these cases *at law,* we apprehend that a bill filed, for any of those purposes would be demurrable on that ground, unless there was something peculiar in the case; and nothing of that kind is here averred, and, it is not for the Court to anticipate, that the common law remedy will not prove effectual! it must be pushed at least to every available extent.

[3.] Besides, the bill assigns no good reason for the interposition of a court of equity. The complainants express their fears that the money, when collected out of McDougald, will be paid to other creditors having no priority of lien over them. Will equity restrain the Bank from making this preference? No more than it would force it to deliver up the money if already in its vaults. The bill alleges no fraud on the part of the Bank, no combination between the institution and any particular creditor, or class of creditors, to obtain an undue or unconscientious advantage respecting this fund. Indeed it charges no *issuable* facts which would justify the interposition of the strong arm of equity to control the legal rights of the Bank over its assets. The complainants do not even set forth the grounds of their *fears,* that they might be controverted, and the sufficiency of them determined by the jury. Whether they entertain them or not, is not a matter that is susceptible of trial. But, admitting that they did, the reason assigned for them does not warrant the relief which they seek.

The judgment below is therefore *affirmed.*