## Case No. 4,258.

### EASTON et al. v. HODGES et al.

[7 Biss. 324.][1]

Circuit Court, E. D. Wisconsin. Jan., 1877.

Finches, Lynde & Miller, for plaintiffs.
De Witt Davis and D. G. Hooker, for defendants.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DYER, District Judge. The statutes of this state relating to evidence provide that no action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed, but that a party to an action may be compelled, at the instance of the adverse party, to give testimony in the same manner as other witnesses. These statutes also provide that an examination of such party may be had before trial, at the option of the party claiming it, before a judge or court commissioner on notice. and that such examination may be read by either party on the trial. Rev. St. Wis. c. 137, §§ 54, 55.

The proceeding taken by the plaintiffs to secure an examination of the defendants before trial is regular in form under the practice authorized by the statutory provisions referred to. The question is, can such a proceeding be taken in an action at law pending in the circuit court of the United States.

By statute of the United States (section 914, Rev. St.), the practice, pleadings, forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, are made to conform as near as may be to the practice, pleadings and forms and modes of proceeding existing in like causes in the courts of record of the state within which such circuit or district courts are held. In applying this provision to the prosecution of causes in the circuit and district courts, it has not been construed as requiring those courts to adopt forms and modes of proceeding prevailing in the state courts, in cases where congress has pointed out a course of procedure, or has legislated generally upon the subject-matter embraced or involved in the proceeding sought to be pursued. Now the sections of the state statute relating to the examination of a party before trial are part of the body of statutory law of the state, relating to evidence. Congress has enacted general statutory provisions on the same subject, which are embodied in chapter 17. of the Revised Statutes, entitled "Evidence." By these provisions modes of proof and examination are adopted, methods of taking the testimony of witnesses by deposition are established, and the common law disqualification of interest is removed. Under section 858, it is no longer doubted, that a party to an action may be compelled to testify on the trial at the instance of the adverse party, and that the deposition de bene esse of such party, may be rquired and taken in a case where the causes enumerated in the statute exist for taking depositions. Texas v. Chiles, 21 Wall. [88 U. S.] 488. Since congress has thus legislated so generally and fully upon the subject of evidence and modes of proof and examination, it must be held to govern in the federal courts, and to exclude the application in those courts, of the practice in the state courts upon that subject. It is to be observed also, that section 861 declares "that the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court except as hereinafter provided." The cases thus excepted are such as are provided for in subsequent sections authorizing the taking of depositions de bene esse, and under a dedimus potestatem, and, in perpetuam rei memoriam. Section 861 clearly includes the parties to an action. since under section 858 parties are placed upon the same basis as other witnesses. It is to be borne in mind in this connection, that section 914, which is part of what is known as the "Practice Act of 1872" [17 Stat. 197], and section 861, with the entire chapter on "Evidence," were re-enacted in the Revised Statutes, and must therefore be construed together, and so construed, I am clear that chapter 17 must be held to prescribe the only mode of taking the testimony of witnesses, applicable in the circuit and district courts. The principle of construction here applied, has been enforced in this court in other branches of practice, covered by general provisions of the statutes of the United States, as in cases involving methods of service of process.

Concerning the production of books and papers, congress has also legislated. Section 724 of the Revised Statutes provides that, in the trial of actions at law, parties may be required on motion and notice, to produce books or writings in their possession or power, containing evidence pertinent to the issue, "in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery;" and certain consequences follow a failure to comply with an order of the court, for the production of such books or writings. Rules of court prescribe the formal methods to be adopted to obtain an inspection of the original books and documents and copies of the same. Section 869 of the Revised Statutes also provides for procuring the issuance of a subpoena duces tecum, under a dedimus potestatem. In view of existing statutes of the United States relating to the entire subject of evidence and the examination of witnesses, and giving to those statutes, as I think we must, exclusive application here, the conclusion is, that a party to an action at law cannot be examined at the instance of the adverse party before trial, except in cases where depositions before trial are specially authorized, and that the production of books and writings must be enforced according to modes of procedure not deriving their origin from state statutes or practice.

Motion to vacate proceedings granted.