COLGATE *v.* COMPAGNIE FRANCAISE DU TELEGRAPHE DE PARIS A NEW YORK.

*(Circuit Court, S. D. New York.* January 30, 1885.)

PATENTS—BILL OF DISCOVERY—ACTION AT LAW FOR INFRINGEMENT—CORPORA-
   TION DEFENDANT.
      A bill in equity may be maintained in the United States circuit court against a corporation to compel a discovery in aid of an action at law brought against i  to recover damages for the infringement of a patent.

In Equity.

*Betts, Atterbury & Betts,* for complainants.

*Blatchford, Seward, Griswold & Dacosta,* for defendant. *C. A. Seward* and *Chas. M. Dacosta,* of counsel.

WALLACE, J. The complainant has filed a bill of discovery in aid of a pending action at law in this court, wherein he is the plaintiff, brought against the defendant to recover damages for the infringement of letters patent for an invention. The subject of the patent is an improvement in electrical conductors for submarine telegraphic purposes. The bill avers that the defendant operates a cable telegraph under water, extending from the coast of France to some point on or near Cape Cod, Massachusetts, and also operates lines of telegraph wire, including a number of river and water crossings in the United States, and employs the plaintiff's invention in such lines of cable telegraph; that in the suit at law the defendant, in its answer, has pleaded non-infringement of said letters patent; that the complainant is unable to prosecute his action at law without a full discovery of the method of insulation of the said lines of cable telegraph, for the reason that such lines are under water and under the control of the defendant, and in localities unknown to the defendant, and are not open to his inspection; and that he cannot prove with accuracy and completeness the damages that he has suffered by reason of the infringement without the discovery by the defendant of the locality and length of said lines, the number of the conducting wires composing said lines, and without the inspection of certain contracts in defendant's possession which disclose the mode and materials of the construction of its cables; all of which matters and things are solely within the knowledge of the defendant, and unknown to the complainant. The defendant has demurred to the bill, and the main points made by the demurrer are—*First,* that the defendant, as a corpora-

tion, cannot be compelled to make a discovery; and, *second,* that the court should refuse to entertain the bill, because, under sections 724, 858, Rev. St., and the existing practice at law, discovery is no longer necessary, but the plaintiff can obtain in the suit at law all necessary evidence by an examination of the officers of the defendant and by compelling a production of all books or writings containing pertinent evidence.

Undoubtedly, a corporation cannot be compelled to answer under oath to a bill in equity. It answers only under the seal of the corporation. It is for this reason the practice has obtained of making the officers of the corporation parties to the bill and requiring them to answer the interrogatories. This, however, does not excuse a corporation from answering, and the complainant is entitled to an answer from a corporation as well as from an individual, although the value of the answer as evidence may not be worth the expense of the experiment. Although no officer or agent is made a party to the bill, it is still the duty of the corporation to cause diligent examination to be made, and give in its answer all the information derived from such examination; and if it alleges ignorance without excuse, a disposition on its part to defeat and obstruct the course of justice may be inferred which will justify the court in charging it with the costs of the suit. *Attorney General* v. *Burgesses of East Retford,* 2 Mylne & K. 35. There is nothing, therefore, in the fact that the defendant is a corporation to defeat the complainant's right to maintain a bill of discovery.

Under the existing practice in courts of law in this state, a plaintiff can obtain the evidence of a defendant upon the trial by examining him as a witness, and can obtain a production of books and papers both before and upon the trial. He can also compel a sworn answer to his complaint, and thus require the defendant to admit or deny under oath all the material allegations of fact in his complaint. The practice which thus prevails is the practice of the federal courts also, by force of sections 724, 858, 914, Rev. St. He cannot obtain the testimony of the defendant before the trial in an action pending in this court, although he can do so in the state courts, because section 861 of the Revised Statutes, as construed in *Beardsley* v. *Littell,* 14 Blatchf. 102, requires such testimony, unless taken *de bene esse* or by commission, to be taken in the presence of the court and jury at the trial. See, also, *Easton* v. *Hodges,* 7 Biss. 324.

The jurisdiction in equity for discovery originated in the absence of power in courts of law to compel a discovery by their own process, either by means of the oath of a party or by the production of deeds, books, and writings in his possession or control. But it does not follow, because courts of law now have power to extend such relief, that a court of equity should forego the exercise of an ancient and well-settled jurisdiction. No principle is more vigorously asserted by courts of equity than that they will not yield a jurisdiction once

legitimately exercised because an enlargement of the ordinary powers of courts of law has rendered a resort to equity no longer necessary. There can be no ebb and flow of jurisdiction dependent upon external changes. Being once legitimately vested in the court, it must remain there until the legislature shall abolish or limit it; for without some positive act the just inference is that the legislative pleasure is that the jurisdiction shall remain upon its old foundations. Story, Eq. § 64. Accordingly, it has been frequently held that a court of equity should not refuse to entertain a bill for discovery, although, by the enlargement of the jurisdiction and remedies exercised by courts of law, similar relief could be obtained by the complainant in his action at law. *Lovell* v. *Galloway*, 17 Beav. 1; *British Empire Shipping Co.* v. *Somes*, 3 Kay & J. 433; *Shotwell's Adm'r* v. *Smith*, 20 N. J. Ch. 79; *Cannon* v. *McNab*, 48 Ala. 99; *Millsaps* v. *Pfeiffer*, 44 Miss. 805.

It is obviously desirable to ascertain the merits of a case at its outset, so far as may be practicable, when this can be done with the formalities and safeguards of regular procedure, rather than to await the result of an elaborate trial. The saving of time and expense which may thus be effected is beneficial, not only to the immediate litigants, but to the public also. There are, therefore, persuasive considerations why a party should be permitted to resort to a bill of discovery when the facts alleged in the bill reasonably indicate that such a remedy will conduce to the safe and convenient prosecution of his action or defense at law. It is the rule of the English courts that a party may maintain a bill of discovery in equity, not only when he is destitute of other evidence than the oath of the adverse party to establish his case, but also to aid such evidence or to render it unnecessary. *Montague* v. *Dudman*, 2 Ves. Sr. 398; *Finch* v. *Finch*, Id. 491; *Brereton* v. *Gamul*, 2 Atk. 241. In *Earl of Glengall* v. *Fraser*, 2 Hare, 99, it was said by Vice-Chancellor WYGRAM: "The plaintiff is, in this court, entitled to an answer from the defendant, not only in respect to facts which he cannot otherwise prove, but also as to facts, the admission of which will relieve him from the necessity of adducing proof from other sources." There are many American authorities to the same effect, among which may be cited *Marsh* v. *Davison*, 9 Paige, 580; *Peck* v. *Ashley*, 12 Metc. 481; *Stacy* v. *Pierson*, 3 Rich. Eq. 152; *Williams* v. *Wann*, 8 Blackf. 477.

Other authorities hold that in order to maintain such a bill it must appear affirmatively that the case of the party at law cannot be established by the testimony of other witnesses, or without the aid of the discovery he seeks. Such is the rule declared in *Brown* v. *Swann*, 10 Pet. 497, where it is held that the complainant must show by his bill that he is unable to prove the facts sought to be discovered by other testimony than that of the defendant. That was a case, however, in which the complainant sought general relief as well as discovery, thus seeking to withdraw the whole jurisdiction from the court

of law of a cause of action properly triable there and transfer it to a court of equity; and the decision is not applicable where the bill is for discovery merely. Story, Eq. Pl. § 324. The same observation applies to the case of *Drexel* v. *Berney*, 14 FED. REP. 268, decided in this court.

A consideration peculiar to a bill of discovery like the present, in which the complainant seeks a discovery concerning the infringement of a patent, should be adverted to. Courts of equity in patent causes sometimes exercise the power of granting to a complainant an inspection of alleged infringing devices as incidental to ordinary discovery. *Vidi* v. *Smith*, 3 El. & Bl. 969; *Morgan* v. *Seward*, 1 Webst. Pat. Cas. 169; *Russel* v. *Cowley*, Id. 468; *Shaw* v. *Bank of England*, 22 Law J. Exch. 26. Courts of law have no such authority, but power to do so was conferred in England upon common-law courts by 15 & 16 Vict. *c.* 83, § 42. Manifestly, cases may occur where the exercise of this power is necessary in order to prevent a defendant from profiting by his own artifice. The case made by the present bill is one where, if the defendant has appropriated the complainant's invention, it would be obviously difficult, if not impossible, to prove the fact unless an inspection were granted.

In reaching the conclusion that the demurrer should be overruled, the statutory provision (section 723, Rev. St.) which prohibits the federal courts from sustaining suits in equity where a plain, adequate, and complete remedy may be had at law, has not been overlooked. It has been decided in some of the states, where equity jurisdiction is restricted by a similar statutory regulation, that a bill of discovery will not be sustained when the common-law courts are competent to compel the disclosure sought. *Hall* v. *Joiner*, 1 S. C. 186; *McGough* v. *Insurance Bank*, 2 Ga. 151; *Riopelle* v. *Doellner*, 26 Mich. 102.

Section 723 was originally section 16 of the judiciary act of 1789, and was considered as declaratory merely as early as the case of *Boyce* v. *Grundy*, 3 Pet. 210. It may well be insisted that a discovery by a bill in equity affords a more adequate and complete remedy than a discovery upon the trial of the action at law by the testimony of an adverse party. This is certainly so if a bill may be resorted to in order to enable a party to dispense with the necessity of proof from other sources upon the trial of the suit at law. Power is conferred upon the supreme court to prescribe rules regulating the practice of the circuit courts in equity, and it is more properly the province of that court than of the circuit court to determine what, if any, innovations shall be made in the existing practice in consequence of the more enlarged powers now enjoyed by courts of law. Until some action by that court, this court should be slow to declare that a jurisdiction so ancient and so convenient as that of discovery, should be surrendered, or should depend upon the accidents of legislation respecting the practice of common-law courts.