PRESSED STEEL CAR CO. v. UNION PAC. R. CO.

(District Court, S. D. New York. February 20, 1917.)

1. DISCOVERY ☞3—BILL OF—MAINTENANCE.

When disability of parties as witnesses was removed, the chief ground for bills of discovery disappeared; but courts of equity did not lose their jurisdiction to entertain such bills, where the legal remedies are insufficient, though in most cases the necessary relief can be obtained by subpœna, or subpœna duces tecum.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 3, 4.]

2. DISCOVERY ☞19—BILL OF—SUFFICIENCY.

In determining whether a bill for discovery to aid in an action at law is sufficient to entitle complainant to relief, the complaint in the action at law, as well as the contract on which it is based, may be considered.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 20–26.]

3. PATENTS ☞292—BILL OF DISCOVERY—SUFFICIENCY.

Complainant entered into a contract with defendant, providing that, when defendant or any of its subsidiaries should use a car made embodying any of complainant's patents, it should pay the sum of $10, and that it should give complainant the preference in car building so long as its bids were not more than $10 per car above those of the lowest bidders. Defendant and some of its alleged subsidiaries entered into agreements with other companies to build cars which complainant claimed embodied some of its patent devices, complainant being the holder of at least 11 patents. Complainant sued for loss of profits on cars which it claimed it should have been allowed to build under its contract and for payment of royalties on the patents. Held that, as defendant could be required at trial to produce the drawings, and the question whether the cars which numbered thousands embodied any such patent devices could be then determined, a bill of discovery to aid in the action at law is properly allowable to prevent the interminable taking of evidence on such matters in the jury case, although discovery should not be allowed as to whether the bids of the successful bidders less than $10 per car under the bids of complainant, for that question could readily be ascertained at trial.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446.]

In Equity. Bill by the Pressed Steel Car Company against the Union Pacific Railroad Company for discovery in aid of an action at law. Motion under Equity Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) to dismiss the bill. Motion denied.

Motion under Equity Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) to dismiss a bill for discovery in aid of an action at law. The allegations in the bill are substantially as follows: The plaintiff has sued the defendant in this court on the law side to recover certain payments due under a contract by which the defendant promised to pay $10 for each car used by it embodying any one of numerous patents owned by the plaintiff. In the course of taking testimony de bene esse, it transpired that the Pullman Company had entered into agreements with the defendant and its subsidiaries to make cars in accordance with written contract, specifications, and drawings which were there

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

produced. The bids upon which these contracts were let were, however, not produced. The bill alleges that the plaintiff cannot safely prosecute the action without a full discovery from the defendant as to whether the defendant "owned or controlled by the ownership of a majority of the capital stock or otherwise or leased or operated" certain subsidiaries mentioned, and any others which it does not and cannot mention. The clause quoted is taken from the contract between the parties and covers those roads for whose use of the patented devices the defendant bound itself to respond. The bill also alleges that the plaintiff cannot safely prosecute the action without full discovery in respect of all freight cars built for it or its subsidiaries during the period of the contract, of the drawings which show the construction of such cars, the specifications and contracts for their construction, the bids submitted by all bidders for such contracts. The contract provided that the plaintiff should have all contracts for such construction in which its bids were not more than $10 per car above the lowest bidder, and the plaintiff sues for its lost profits on such contracts. This claim is the basis for asking for such bids and contracts. Appropriate interrogatories are annexed to the bill to call forth this information.

George A. Ellis, of New York City, for the motion.
W. C. Margeson, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] The jurisdiction of this court to entertain a bill in equity for discovery has certainly not disappeared for all purposes. It is true that its chief reason went when the disability of parties as witnesses was removed, but the jurisdiction once existing did not fail for that, Carpenter v. Winn, 221 U. S. 533, 539, 31 Sup. Ct. 683, 55 L. Ed. 842; Kelley v. Boèttcher, 85 Fed. 55, 66, 29 C. C. A. 14; Indianapolis Gas Co. v. Indianapolis (C. C.) 90 Fed. 196, 197; General Film Co. v. Sampliner, 232 Fed. 95, 97, 146 C. C. A. 287. For example, the jurisdiction will be still exercised even in aid of an action at law, if the plaintiff cannot without it find out whom he should sue. Brown v. McDonald, 133 Fed. 897, 67 C. C. A. 59, 68 L. R. A. 462; Kurtz v. Brown, 152 Fed. 372, 81 C. C. A. 498, 11 Ann. Cas. 576. Yet the jurisdiction will not be exercised, if the legal remedies are sufficient; like any other equitable remedy, it is exceptional, and the plaintiff must bring himself within the exception. Rindskopf v. Platto (C. C.) 29 Fed. 130; Safford v. Ensign Mfg. Co., 120 Fed. 480, 56 C. C. A. 630; Heath v. Erie Railway, 9 Blatch. 316, 320, Fed. Cas. No. 6,307; Scotten v. Rosenblum (D. C.) 231 Fed. 357, affirmed January 16, 1917 (C. C. A.) 239 Fed. 1022. The dicta in Ex parte Boyd, 105 U. S. 647, 657, 26 L. Ed. 1200, and Brown v. Swann, 10 Pet. 497, 501, 9 L. Ed. 508, accord with these decisions, and United States v. Bitter Root Development Co., 200 U. S. 451, 475, 479, 26 Sup. Ct. 318, 50 L. Ed. 550, may be taken as a decision that the plaintiff in the bill must show that he needs more than what the modern statutory procedure gives him. Colgate v. Compagnie Francaise (C. C.) 23 Fed. 82, does, it is true, use some language seeming to indicate, not only that the jurisdiction of equity remains, but that it will be exercised without regard to any changes in legal procedure; yet I think that the actual decision must rest rather on the propriety of allowing the plaintiff to inspect the alleged infringement, or, since it was submerged, to have an adequate description of it. As such it rests rather upon the embarrassments

under which a plaintiff labors in preparing his case if he has no definite knowledge of the supposed infringement.

The law, therefore, while it has rendered the bill in most cases obsolete, has in fact left it as a useful instrument for just those fundamental purposes for which it was originally devised. In those cases in which subpœna and subpœna duces tecum against his adversary will give a party all that injustice he may need, obviously, the bill will not lie. The principle of judicial parsimony will remove the occasion for most bills. If, however, the cause is of such a character that the plaintiff cannot adequately present his case by subpœna and especially if he needs a preliminary inspection of documents (Carpenter v. Winn, supra, 221 U. S. 539, 31 Sup. Ct. 683, 55 L. Ed. 842), then there is every reason to assert so ancient a source of equitable jurisdiction.

[2] The bill at bar seems to me to present a case where equity should help the plaintiff. It is true that the allegations of the bill, regarded alone, do not justify any action; they amount to no more than the bare conclusion that the plaintiff cannot safely prosecute his action without the information desired. Nevertheless, I have the right to look at the complaint in the action at law and at the contract, and from these it follows that the relief is necessary.

[3] The plaintiff's situation is in fact this: It has a contract with the defendant under which, whenever the defendant or any of its subsidiaries had a car made for it embodying any of the plaintiff's patents, it must pay $10. Furthermore, it must give the plaintiff preference in car building so long as its bid was no more than $10 above that of the lowest bidder. The plaintiff has at least 11 patents—perhaps more—which it thinks embodied in the cars which the defendant or its subsidiaries have embodied, and it supposes, also, that the defendant has let contracts upon bids less than $10 lower than the plaintiff's bids. All this could be brought out upon the trial, but the patents are at the least 11 and the cars number over 14,000. The trial will be protracted beyond any reason and will result in the greatest confusion, if the whole labour of sifting out the evidence is to take place before the jury. Practically, this can be done only by requiring the defendant to produce drawings and specifications of all the cars which have been made for it or the subsidiaries during the period of the contract, and then by comparing these drawings with the patents and ascertaining which part, if any, of the patents they embody. Since to all this the plaintiff is in any event entitled at some time, it is no hardship to compel their production in advance and at a time when it is likely to be of actual service in the administration of justice and rather than at a time when it will cause the utmost confusion, i. e., under the pressure of a trial with the constantly welling irritation of judge, jury, counsel, and witnesses. All this can be avoided without the slightest added annoyance to the defendant by the production of such documents before a master for comparison with the patents. After such production, the plaintiff will be held to a strict bill of particulars alleging with detail just what features of every patent it claims to have been embodied in the different types of cars made for it and its subsidiaries.

As respects the bids which the defendant received from other bidders and the contracts which it let upon those bids, these considerations do not apply. If the plaintiff learns, as it will, what types of cars embody its patents, it will be possible to describe in a subpœna duces tecum what contracts it wishes to have produced upon the trial, also the bids of all other bidders than the plaintiff. The comparison of the bids is a matter of a few moments, and it is unnecessary to have it take place in advance.

The motion to dismiss the bill will therefore be denied, and the plaintiff may take an order requiring the defendant to answer the first, second, third, fourth, and fifth interrogatories attached to the bill. The seventh interrogatory need not be answered, except in this sense: Those specifications must be produced, to complement the drawings, of all cars actually manufactured and delivered to the defendant or its subsidiaries. The specifications annexed to contracts need not be produced except as they may be necessary fully to describe the cars actually delivered and used.

The answer to the interrogatories will be made within 20 days, and the production before a master to be agreed upon by the parties within thirty days thereafter. The plaintiff will be allowed to take tracings of the drawings and copies of the specifications if so advised.

The interrogatories will be disallowed except as above. Settle order on notice.