## LOOSE et al. v. BELLOWS FALLS PULP PLASTER CO. et al.

(Circuit Court of Appeals, Second Circuit. March 31, 1920.)

### No. 165.

1. **Discovery ⬿8—Equity has no jurisdiction to grant discovery to ascertain damages in aid of legal demand.**

    Equity is without jurisdiction of an action to recover royalties under a contract granting an exclusive territorial right or license under a patent because discovery is sought for the sole purpose of ascertaining the amount of royalty due; such evidence being available in a law action under Rev. St. § 724 (Comp. St. § 1469).

2. **Patents ⬿218(1)—Royalty under license limited to patented product.**

    Under a contract granting a right or license to manufacture under a patent, and by which the grantee agrees to pay a royalty, such royalty is limited to the product which comes within the scope of the patent.

3. **Patents ⬿218(4)—Assignee of license contract not liable thereon for royalties.**

    That the right to manufacture a patented article under a license contract was transferred to a corporation does not render the corporation liable for royalties under the contract, in the absence of proof that it assumed such liability.

Appeal from the District Court of the United States for the District of Vermont.

Suit by Maximus E. Loose and Thomas E. Baird against the Bellows Falls Pulp Plaster Company and G. Frank Hendee. Decree for complainants, and defendants appeal. Reversed and remanded, with directions.

Suit began against the corporate defendant, and three individuals, of whom one was never served, and one died before decree. The action was not revived against the decedent's estate, and decree passed only against the corporation and Hendee. The latter was jointly interested with the other individual defendants in the business producing this litigation; but, as decree passed against him alone, it is convenient to speak of him as doing the things which in fact all three did.

Plaintiffs owned the patent of Coale, No. 635,996, dated October 31, 1899,

for "wall plaster," whereof the single claim is: "A composition of matter comprising calcined plaster, cement, clay, lime, fiber, and stucco retarder in the proportions substantially as described."

In 1903 two written agreements were made between plaintiffs and the three men we refer to as Hendee. They are of the same date, and plainly constitute but parts of the same transaction. One paper recites that Hendee "is desirous of obtaining an interest in said invention and letters patent in and for the territory hereinafter described," wherefore, in consideration of `$3,000 and "other valuable considerations," plaintiffs "grant, sell, assign, and set over [to Hendee] said letters patent No. 635,996 as secured by said letters patent within and for the state of Vermont [and four counties of New Hampshire] only; tne same to be held and enjoyed [by Hendee and assigns] within and to the said specific and assigned territory to the full term" of the patent.

The other and cotemporaneous paper recites that to Hendee was "this day" conveyed all plaintiffs' rights in the patent, "in and for" the described territory, wherefore Hendee agrees to pay plaintiff 50 cents per ton "on each and every ton of plaster wherein wood pulp or wood fiber is used, made and sold by them or their successors or assigns within said territory during the life of the patent." Hendee also agreed to furnish a monthly statement of the plaster made and sold by his party, "or by their successors and assigns, containing wood pulp or fiber during the preceding month," and to pay "the royalty" of 50 cents per ton on the quantity thus "made and sold." The Hendee party also agreed to erect a mill and begin manufacture "under said patent" within six months, and further covenanted that no plaster made and sold by them or their assigns should be called "elastic pulp plaster," except such as should "strictly conform to the formula and materials used under said patent."

As was contemplated by all parties when this bargain was made, Hendee et al. organized the corporate defendant, became its principal shareholders and officers, and caused the corporation to make and sell the Coale patented compound under the name "elastic pulp plaster." The royalties were paid by the corporation for some two years, when defendants complained that plaintiffs were not protecting them from infringing competition within their own territory. They (apparently for this reason) refused or neglected to pay further royalties, and somewhat later, but a year or more before subpœna issued herein, made and sold as "elastic pulp plaster" a substance containing wood fiber, but wholly omitting the cement specified in the Coale patent, and greatly varying the proportions of other ingredients.

The bill herein, filed in 1908, sets forth the substance of the foregoing facts, and prays for a discovery of the records of the corporate defendant to ascertain the quantity of plaster containing wood pulp made and sold by it within the territory allotted to Hendee; also for an accounting as to the same, and a decree at the rate of 50 cents a ton against all the defendants for the royalties so shown to be due and unpaid.

The record contains no evidence showing or tending to show that the defendants' new formula product infringed the Coale patent; the court below held that since what the corporate defendant made under such new formula contained wood fiber, and was sold under the name "elastic pulp plaster," all the defendants were estopped from "defending on the ground that it was manufactured under a different formula." The final decree accordingly is a money judgment for $35,092.90, representing, with interest, 50 cents for every ton of "elastic pulp plaster" made and sold by the corporation, since royalties ceased to be paid.

Marvelle C. Webber, of Rutland, Vt., and Alexander Dunnett, of St. Johnsbury, Vt., for appellants.

Geo. A. Weston, of Bellows Falls, Vt., and John G. Sargent, William W. Stickney, and Homer L. Skeels, all of Ludlow, Vt., for appellees.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). By the conveyance to Hendee et al. plaintiffs doubtless intended to give them an "exclusive right" in the Coale patent to a "specified part of the United States." R. S. § 4898 (Comp. St. § 9444). The intent was to make them grantees and not assignees or licensees. Robinson, Pat. § 763; Pope, etc., Co. v. Gormully, etc., Co., 144 U. S. 248, 12 Sup. Ct. 641, 36 L. Ed. 423.

It may be assumed, but need not be decided, that the grant was not reduced to a license by the reservations of a royalty or otherwise. Cf. Sechler, etc., v. Deere, etc., Co., 113 Fed. 285, 51 C. C. A. 242. If this suit were for infringement, the distinction would be of importance; but in respect of estoppels and methods of procedure there is no difference between the attempted collection of royalties from a licensee and grantee. Robinson, Pat. §§ 794, 820.

[1] By timely motion and assignment of error appellants present the question whether equity has jurisdiction over this suit; and we must find that such jurisdiction does not exist. Plaintiffs seek merely to recover money computable with certainty as soon as the number of tons of plaster is ascertained; yet, as the pleading shows, it is thought that, by asking discovery, jurisdiction will be exercised to take an account.

Chancery grants discovery when the law affords no adequate remedy to extract from a defendant facts in his exclusive possession which are a part of or constitute the cause of action. But mere difficulty of proving his case will not confer on a plaintiff the right to file a bill. United States v. Bitter Root Co., 200 U. S. 472, 26 Sup. Ct. 318, 50 L. Ed. 550. Equity will not aid law to ascertain damages by entertaining a bill for discovery. Munger v. Firestone, etc., Co., 261 Fed. 921, —— C. C. A. ——. A fortiori will it not retain a bill when the discovery desired has no other purpose than the liquidation of damages. Such is the present case; for there is no mutuality in the account. The cause of action rests on unquestionable written documents, and the only purpose of a bill in equity rather than a declaration at law is to avoid the trouble of proving before a jury, by the use probably of R. S. § 724 (Comp. St. § 1469), the number of tons made and sold by defendant.

The method of recovering royalties being the same here as it would be if defendants were licensees, it is settled that a bill merely to get unpaid royalties will not lie. Keyes v. Eureka, etc., Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929; Heckscher v. Pennsylvania, etc., Co. (D. C.) 205 Fed. 377, and cases cited.

[2] As plaintiffs' claim may still be urged at law, we consider the question of damages. From the tenor of all the written documents it is plain that what Hendee et al. agreed to do was to make plaster under Coale's patent, and royalty was to be paid on that kind of plaster. It may be true that any plaster containing wood fiber is Coale's plaster, "substantially as described"; but the fact was controverted, and there is no proof of it. Even less is there any proof that all plaster

to which the descriptive phrase "elastic pulp" is appropriate was within Coale's range of equivalents.

This action is not to recover royalty on plaster marketed under a particular name, but to recover the sum agreed to be paid on plaster of a particular kind, viz. Coale's kind. A licensee or grantee, paying royalties, pays on what he has agreed to make; he is estopped to impeach the patent under which he operates, and the patent is entitled to a generous construction as against him, but that is all. Eclipse, etc., Co. v. Farrow, 199 U. S. 581, 26 Sup. Ct. 150, 50 L. Ed. 317; Western, etc., Co. v. Robertson, 142 Fed. 471, 73 C. C. A. 587; Walker, Pat. § 507.

[3] We further hold that no ground has been shown for the recovery of royalties from the corporate defendant. From the course of business it was inferred below that Hendee had assigned to the corporation the contract with the plaintiffs. As to this we express no opinion, but, assuming it as true, there is no evidence that on receiving such assignment the corporation assumed the obligation of Hendee et al. to pay royalties. It is only by virtue of such assumption that liability arises on the contract, and this action is on the contract, for no defendant is sought to be held in tort. Cf. Goodyear, etc., Co. v. Dancel, 119 Fed. 695, 56 C. C. A. 300, and cases cited.

The decree appealed from is reversed, and the cause remanded, with directions to dismiss the bill as to Bellows Falls Pulp Plaster Company and to transfer the original bill as against Hendee to the law side of the court, there to be proceeded with, with such alteration in the pleadings as shall be essential. As equity never had jurisdiction, the supplemental bill falls, and is directed to be dismissed without prejudice.

Appellants are granted the costs of this appeal; the corporate defendant will recover its costs of action on taking dismissal of bill.