**JENKINS PETROLEUM PROCESS CO. v. SINCLAIR REFINING CO.**

**No. 2722.**

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

See, also, 32 F.(2d) 247; 38 F.(2d) 820.

C. Stanley Thompson, of Washington, D. C. (Philip G. Clifford, of Portland, Me., and Frederick Schafer, of Washington, D. C., on the brief), for appellant.

Frank E. Barrows, of New York City (Nathan L. Miller, of New York City, and Charles D. Booth, of Portland, Me., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a bill for discovery in aid of an action at law brought by the Jenkins Com-

pany against the Sinclair Company. The District Court sustained a motion to dismiss and dismissed the bill; and the plaintiff appealed. The first question is whether on its face the bill states a case for discovery.

■ The first point is whether bills for discovery still lie in the federal courts, or whether they have been superseded by Rev. St. § 724 (28 USCA § 636). In Carpenter v. Winn, 221 U. S. 533, at pages 539, 540, 31 S. Ct. 683, 685, 55 L. Ed. 842, it is said: "The statute may therefore be well regarded as affording a short and quick way of obtaining documentary evidence for use 'in the trial' of an action at law, leaving the parties to a bill of discovery if they desire the production before the trial for the purpose of preparing for it." See, too, Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 240 F. 135; Id. (D. C.) 241 F. 964, and Colgate v. Compagnie Francaise du Telegraphe de Paris a N. Y. (C. C.) 23 F. 82, an able opinion by Judge Wallace. It devolves upon the party filing such a bill to show that there is real need of it and that the desired evidence cannot be obtained in a practically useful way under section 724. If these requirements are met, such a bill is still maintainable. The decision in Carpenter v. Winn, that under section 724 the production of evidence could not be ordered in advance of trial, rather enlarges the field of bills for discovery. It is highly desirable, as Judge Wallace suggests, that such evidence be sifted out before the jury trial.

■ The next point is whether such bills may be brought to obtain evidence relevant only on the amount of damages. In Munger v. Firestone Tire & Rubber Co., 261 F. 921 (C. C. A. 2), and Loose v. Bellows Falls Pulp Plaster Co., 266 F. 81 (C. C. A. 2), it was decided that bills for discovery could be used only to obtain facts bearing on the "issues," i. e., on questions of liability, and not to obtain evidence of damage. The opposite result was reached in Guyot v. Hilton (C. C.) 32 F. 743, cited with approval in Carpenter v. Winn, supra, and in Colgate v. Compagnie Francaise du Telegraphe de Paris a N. Y., supra, where apparently no such distinction between liability and damages was suggested.

In the state courts, while the question is generally affected by statutory provisions, discovery has been allowed with respect to damages. McKinnon-Young Co. v. Stockton, 55 Fla. 708, 46 So. 87; Wells v. Holman, 115 S. C. 443, 106 S. E. 224, 225; Sherwood Bros., Inc., v. Yellow Cab Co., 283 Pa. 488,

129 A. 563, 564. In the South Carolina case, supra, the statute permitted discovery of evidence "relating to the *merits* [italics mine] of the action or defense." In the Pennsylvania case, supra, the statute permitted "discovery of facts material to a just determination of *issues*." (Italics mine.) Both these statutes opened the way to the distinction between liability and damages on which the Munger and Loose Cases, supra, turned; and in neither was the distinction recognized.

In England also discovery is now regulated by statutes. Irrespective of them, however, the right to it does not appear to have been limited by the technical *"issues"* presented in the action at law, but to have been allowed as to facts bearing on any *"question"* presented in that action. The present case is fully covered by Saunders v. Jones, [1877] L. R. 7 Ch. 435. The text-writers are to the same effect. "As all the points in the cause will come on for trial simultaneously, the right of the plaintiff to discovery will of necessity attach upon them all." Points in the Law of Discovery, by Wigram, 1 Am. Ed. p. 80. "Where the questions of liability generally, and of damages, *were severable* [italics mine], discovery which was material to the latter question only, would not be given before the hearing." The Law and Practice of Discovery, by Peile, page 29. See, too, Principles and Practice of Discovery, by Bray, chapter II, and see Peile, supra, chapter IV, discussing this question and citing cases where discovery as to damages was allowed, and 11 Halsbury Laws of England, p. 52.

There is a practical distinction as above noted between cases in which the plaintiff will be compelled to present all his evidence, both on liability and on damages, at the same hearing, and cases in which the assessment of damages can be postponed until the question of liability has been determined. The English law and the weight of American decisions appear to be that in cases of the former sort discovery will be ordered on damages as well as on liability.

We think this much the sounder view. Damages are an important element in litigation; they are the reason why an action is brought. There is no good reason why discovery should not be ordered as to damages, except that, if the defendant wins on liability, the evidence on damages will go for nothing. This is always true of evidence of damages in actions at law; it always goes for nothing if the defendant prevails. But this has never been thought a sufficient reason for splitting a jury trial; and it does not seem

to us a sufficient reason for refusing discovery. We are not impressed by the distinction—for which no authority is cited—between *"issues"* and questions of fact, made in the Munger Case.

■ The next point is whether the evidence sought to be obtained is relevant on the issues presented in the action at law. In substance the declaration therein alleges that the Sinclair Company was under a contractual obligation to cause to be assigned to the Jenkins Company a certain application for a patent made by one Isom employed by the Sinclair Company; that the Sinclair Company did not cause the application to be so assigned; that, instead, the application was assigned by Isom to the Sinclair Company, to which company the patent granted on the application was issued; that the Sinclair Company used the invention in a large way with great success in its business.

The plaintiff's damages are the loss which it sustained by being deprived of the application and the resulting patent. The Sinclair Company contends that the grant of the patent and the commercial use of the invention are not admissible on the value of the application and are therefore irrelevant on the question of damages.

An application for a patent, being a thing sui generis, has no "market" value in the strict use of that term. Standard Oil Co. v. So. Pacific Co., 268 U. S. 146, 45 S. Ct. 465, 69 L. Ed. 890; United States Frumentum Co. v. Lauhoff, 216 F. 610 (C. C. A. 6). Its money value may be estimated from the nature of the invention disclosed, its place in the art to which it relates, the step which the inventor took, and the change which it effected in the practice of the art. These facts, and other relevant circumstances, may be supplemented by opinion evidence of value, as in the case of real estate. Montana R. Co. v. Warren, 137 U. S. 348, 11 S. Ct. 96, 34 L. Ed. 681.

We do not think that a court, valuing in judicial proceedings an invention described in an application for a patent, is obliged to shut its eyes to the result of the application, nor to the commercial utility of the invention as shown by the use of it in the art or industry to which it relates, but may take evidence on those points up to the time of trial. Williston on Contracts, p. 2394.

Such evidence is not for the purpose of showing increase in value or new uses, which as is well settled with regard to the valuation of land taken by eminent domain, would not be admissible, but to show the inherent character and place of the invention in question. It is analogous to evidence of successful commercial use of a patent on the question of invention, and of the actual results of a physical injury for which damages are sought. Hetzel v. B. & O. R. Co., 169 U. S. 26, 18 S. Ct. 255, 42 L. Ed. 648; Cincinnati Siemens-Lungren Gas. I. Co. v. Western S. L. Co., 152 U. S. 200, 14 S. Ct. 523, 38 L. Ed. 411. Of course commercial success of an invention may be due less to its own merit than to the ability with which it was exploited. The weight to be given such evidence rests in the discretion of the jury or trier of the fact. We cannot say that no evidence of that sort ought to be received in the action at law to which this bill of discovery relates, and that therefore discovery of it ought not to be ordered.

■ The profits if any which the Sinclair Company made by using the Isom invention have no relevancy on the question of damages, and no discovery should be ordered in respect to them. The plaintiff is not suing as the equitable owner of the patent. Our previous decision precludes it from that position. Jenkins Petroleum Process Co. v. Sinclair Ref. Co. (D. C.) 32 F. (2d) 247.

Nor is the precise extent to which the defendant made use of the Isom invention material on the plaintiff's case in chief. Non constat that the defendant would have used the invention as it did if the plaintiff had owned the patent. The plaintiff is entitled to show the general facts about the Isom invention, not specific instances of profitable use by this person or that. The probative value of such evidence is outweighed by the extent and complexity of the collateral inquiries which it involves. If, however, the defendant should deny the utility and commercial success of the invention, evidence of the defendant's use of it might be highly significant; and under those circumstances the plaintiff would be entitled to discovery of them. The bill should be retained for this purpose. If such a situation shall develop at the trial prompt discovery can then be ordered.

On the facts stated in the bill, we think the plaintiff has made out a case warranting discovery along the lines above indicated.

■ Some question is raised as to the point of time at which the defendant's breach of contract occurred. The correct date will depend on the facts proved at the trial. If there was no repudiation of the contract of which notice was given to the plaintiff, the contract may be regarded as broken when the defendant finally disabled itself from performing it.

The defendant, after having taken the assignment of the application from Isom, could have reassigned it to the plaintiff with the same effect as if originally so assigned by Isom. The contract would have been complied with by such an assignment. The interposition of the mesne assignment would not affect the plaintiff's rights; and it was open to the defendant to carry out the contract in that way if it saw fit to do so. It was therefore within the power of the defendant to perform the contract at any time until the application had become merged into the patent. While the defendant could still have transferred the patent after it had been issued, the transfer of a patent is substantially different from the assignment of the application for it; the value of the patent can be greatly affected for better or worse by the way in which the application is handled in the Patent Office. On the facts alleged, the contract appears to have been broken on the date when the application became merged into the patent.

██ We think the questions presented were properly raised by the motion to dismiss. It may be that the defendant has weighty defenses on the facts. That circumstance, if it be true, has nothing to do with the present questions. For the present purposes we take the case as stated in the plaintiff's bill.

It follows that the judgment dismissing the bill must be reversed and the case remanded to the District Court for further proceedings in accordance with this opinion.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.

WILSON, Circuit Judge (dissenting).

I am unable to agree that the bill of discovery should be sustained in this case when the only purpose is to procure evidence on the question of damages in the action at law, and, further, since it is not clear that it is necessary to resort to it in order to procure the evidence held to be admissible in the opinion.

The only cases in which the issue of whether a bill of discovery was proper to obtain evidence solely on the question of damages was clearly before the court are Munger v. Firestone Tire & Rubber Co., 261 F. 921, and Loose et al. v. Bellows Falls Pulp Plaster Co. et al., 266 F. 81. In each of these cases the Circuit Court of Appeals for the Second Circuit refused to sustain such a bill, and in the Munger Case a writ of certiorari was denied by the Supreme Court, 252 U. S. 582, 40 S. Ct. 392, 64 L. Ed. 727.

The Munger Case was a patent infringement case, and not grounded on a breach of contract as is the present case; but, if a bill of discovery would ever lie to obtain evidence solely on the question of damages, we think it would lie in case of an action at law to recover damages for infringement of a patent.

The case of Loose et al. v. Bellows Falls Pulp Plaster Co. et al., supra, was an action at law on a breach of contract or license, in which case the court said, at page 83 of 266 F.: "Equity will not aid law to ascertain damages by entertaining a bill for discovery"—citing Munger v. Firestone Tire & Rubber Co., supra. "A fortiori will it not retain a bill when the discovery desired has no other purpose than the liquidation of damages."

In the case of Bradford v. Indiana Harbor Belt R. Co. (C. C. A.) 300 F. 78, 81, discovery was refused on the ground that it was not shown that the plaintiff could not obtain all necessary information under section 724, R. S. (28 USCA § 636) the court saying: "It is not to be presumed that the district court would deprive him [plaintiff] of reasonable opportunity to examine them before the trial was concluded."

In the case of Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 240 F. 135, the court sustained the bill, but clearly on the ground that it was essential in order to determine the liability of the defendant to ascertain whether the improvements protected by the plaintiff's patents were embodied in any of the cars constructed by or for the defendant, and also to what extent, if any, the defendant had to let bids for the construction of cars less than $10 lower than the plaintiff's bid for the same cars. The plaintiff had eleven patents and the defendant 14,000 cars. That the evidence essential to determine liability also bears on the question of damages is no objection to sustaining such a bill.

The earlier cases of Colgate v. Compagnie Francaise, etc. (C. C.) 23 F. 82, and Guyot v. Hilton (C. C.) 32 F. 743, do not hold that a bill for discovery will lie to obtain evidence of damages alone in an action at law. The complainant in the former case based its complaint, in part only, on the ground that discovery was necessary on the question of damages. The court evidently granted it as essential to enable the plaintiff to establish liability, and did not hold that a bill for discovery would lie solely to enable a plaintiff at law to prove damages. Neither does it ap-

pear that it was an issue in Guyot v. Hilton, supra. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842, goes no farther than to hold that a bill for discovery has not been abolished by the enactment of section 724, R. S. (28 USCA § 636), and may still be invoked in proper cases; but since the enactment of section 724, R. S., it should only be sustained in exceptional cases. Pressed Steel Car Co. v. Union Pac. R. Co., supra.

While there may be cases in the several states holding to the contrary under state statutes or Codes, and statements of text-writers based on such cases, the only authoritative federal decisions we have on the precise question here involved hold that a bill of discovery will not lie to obtain evidence solely on the question of damages. It was a clear-cut issue in the Munger Case, and the Supreme Court refused to disturb the ruling of the Circuit Court of Appeals.

Assuming that in exceptional cases a bill for discovery might lie in aid of proof of damages alone, where complicated questions would arise and require accounting, as in case of an action at law for infringement of a patent, I think there is not sufficient ground for sustaining such a bill in this case to obtain the evidence held to be admissible as to damages suffered by the plaintiff by reason of the breach of its contract with the defendant to convey the Isom patent to the plaintiff.

Certainly the power of the plaintiff to summon as witnesses the officers or employees of the defendant having knowledge of the number of cracking stills operated by the defendant, with all plans and blueprints of the same, would give the plaintiff all the evidence held in the opinion to be admissible in this case, and required for opinion evidence as to the value of the application for a patent, or of the patent itself. Inasmuch as the plaintiff in this case cannot recover damages on the basis of royalties or profits gained by the use of the patent in issue, the need for preliminary examination of evidence admissible under the opinion of the court is not clear. At

least, it does not appear that this is an "exceptional case" where justice cannot be attained under an action for breach of contract by invoking section 724, or the right of the plaintiff to summon the officers and employees of the defendant as witnesses. United States v. Bitter Root Development Co., 200 U. S. 451, 475, 479, 26 S. Ct. 318, 50 L. Ed. 550.

Surely the officers managing the affairs of the plaintiff corporation, and especially Ulysses Jenkins, who acted in an advisory capacity throughout the operation of the experimental still loaned to the defendant by the plaintiff corporation, which is engaged in the same kind of business as that of the defendant, must have knowledge of the nature of the Isom improvements from their expert knowledge of the oil cracking processes and from the application for the patent, and the patent itself, which are a part of the declaration in the action at law, and of the advance in the prior art, which was thereby made Neither the extent of the use by the defendant nor the profits gained from the use of the improvements, it is held in the opinion, are admissible on the question of damages. The opinion also holds that the plaintiff is only entitled to show general facts about the Isom patent, not specific instances of its use. I think with its power to summon the patentee, Edward Isom, and any other officer or employee of the defendant, and to compel the production of any plans or blueprints or books of the defendant under section 724, R. S., the plaintiff can prove its damages if it can show a breach of its contract. The burden is not on the defendant to satisfy the court that discovery "ought not to be ordered," but on the plaintiff clearly to show that it ought to be invoked. I think the plaintiff has failed to sustain that burden in this case.

Unless it appears from the bill itself that the declaration in the action at law discloses an "exceptional case," and a proper one for invoking this extraordinary remedy, I find no authority for retaining the bill until the defendant files its pleadings in the law action, or until occasion for discovery shall develop in the trial of the action at law.