Halpern, J., dissenting: ‘“The principle of judicial parsimony’ (L. Hand, J., in Pressed Steel Car Co. v. Union Pacific Railroad Co., * * * [240 F. 135, 137 (S.D.N.Y. 1917)]), if nothing more, condemns a useless remedy.” Sinclair Ref. Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 694 (1933). While usually invoked by a court to justify a stay in discovery on other issues when one issue is dispositive of a case, 8A Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, sec. 2040, at 198 n.7 (3d ed. 2010), I think the principle should guide us in declining to overrule Humana Inc. & Subs. v. Commissioner, 88 T.C. 197 (1987), aff’d in part, rev’d in part and remanded, 881 F.2d 247 (6th Cir. 1989), to the extent that it holds that a captive insurance arrangement between brother-sister corporations cannot be insurance as a matter of law. These cases are before the Court Conference for review, see sec. 7460(b), because we perceive that Judge Foley’s report is in part overruling Humana, although Judge Foley does not in so many words say so. He says: “We find persuasive the Court of Appeals for the Sixth Circuit’s critique of our analysis the brother-sister arrangement in Humana.'” See op. Ct. p. 20. The Court of Appeals said: “We reverse the tax court on * * * the brother-sister issue.” Humana Inc. & Subs. v. Commissioner, 881 F.2d at 257. Under our Conference procedures, the Conference may not adopt a report overruling a prior report of the Court absent the affirmative vote of a majority of the Judges entitled to vote on the case. Six of the sixteen Judges entitled to vote on these cases join Judge Foley, for a total of seven clearly affirmative votes. Six Judges voted “no”. Three Judges voted “concur in result”, and those votes, under our procedures, are counted as affirmative votes. Whether the Court has in fact overruled a portion of Humana undoubtedly will be unclear to many readers of this report. The resulting confusion is unnecessary. Moreover, by putting his report overruling Humana before the Conference, Judge Foley has put before the Conference his subsidiary findings of fact and his ultimate finding that the brother-sister payments were correctly characterized as insurance premiums. That has attracted two side opinions, one characterizing Judge Foley’s opinion as “concise” (Judge Buch), see concurring op. p. 26, and emphasizing evidence in the record that supports his findings and the other characterizing his ultimate findings as “conclusory” (Judge Lauber) see Lauber op. p. 38, and contending “the undisputed facts of the entire record warrant the opposite conclusion * * *, [that] the Rent-A-Center arrangements do not constitute ‘insurance’ for Federal income tax purposes.” Whether I describe Judge Foley’s analysis as concise or as conclusory, simply put, there is insufficient depth to it to persuade me to join his findings (i.e., that there is risk shifting, that there is risk distribution, and, in general, that there is a bona fide insurance arrangement). I do agree with Judge Lauber that “[w]hether the facts and circumstances, evaluated in the aggregate, give rise to ‘insurance’ presents a question of proper characterization. It is thus a mixed question of fact and law.” See Lauber op. p. 38. Nevertheless, had Judge Foley steered clear of Humana, I believe that we could have avoided Conference consideration and have left it to the appellate process (if invoked) to determine whether Judge Foley’s findings are persuasive. And I believe that Judge Foley could have steered clear of Humana. As both Judges Buch and Lauber point out, the Commissioner has given up on arguing that captive insurance arrangement between brother-sister corporations cannot be insurance as a matter of law. See, e.g., Rev. Rul. 2001-31, 2001-C.B. 1348. Judge Foley ignores that ruling and its progeny when, pursuant to Rauenhorst v. Commissioner, 119 T.C. 157, 173 (2002), he could have relied on the Commissioner’s concessions to steer clear of revisiting Humana. I agree with Judge Foley that Humana is not dispositive of the brother-sister insurance question in these cases, but not because I would overrule Humana on that issue; rather, I see no reason to address Humana in the light of the Commissioner’s present administrative position. While I agree with Judge Foley that the facts and circumstances test provides the proper analytical framework, I otherwise dissent from his opinion. Lauber, J., agrees with this dissent.