<hr />

## BALTIMORE & O. R. CO. v. MANGUS.

(Circuit Court of Appeals, Sixth Circuit.  January 8, 1924.)

No. 3880.

**1. Evidence ☞555—Testimony of physician as to injury, based on plaintiff's statements, is incompetent.**

Testimony of a physician as to a plaintiff's injury, based on no objective appearance, but solely on plaintiff's statement as to the nature of the injury, made in the course of an examination for the sole purpose of enabling the physician to testify, or in any substantial degree on subjective symptoms, is incompetent.

**2. Trial ☞208—Expert testimony by a physician held not so clearly incompetent as to warrant an instruction to disregard it.**

Testimony of a physician as to a plaintiff's injury and its probable permanency, based, as he testified, on plaintiff's statement of his history from a time as far back as he could remember and covering his different diseases, and "also upon a thorough examination," *held* not shown to have been based on the history, or on subjective symptoms, to such extent as to render it error to refuse to instruct the jury to disregard it.

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Charles W. Mangus against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley and J. P. Wood, all of Cleveland, Ohio, on the brief), for plaintiff in error.

Anderson & Lamb, of Youngstown, Ohio, and J. J. Tetlow, of Cleveland, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Action for injuries received by plaintiff while in defendant's employ as brakeman, through a fall from a box car, caused by a defective handhold. On the trial Dr. Pratt, a physician and surgeon, testified to making four examinations of plaintiff since the accident, which occurred about four months before the trial; the first examination being a little over two weeks after the accident, and the last one being upon the day of the trial. He testified that, on the assumption that plaintiff's condition, as found and described by him, was brought about in the preceding June by falling from the top of a box car to the ground below, he believed the condition to be permanent, that the pain would be constant, and plaintiff unable to do the ordinary work of a brakeman. It appearing on cross-examination that the conclusion regarding the condition of plaintiff's abdomen was based on the history acquired in the process of qualifying the witness for testifying, "and also upon a thorough examination," defendant asked the court to instruct the jury to disregard the expressed opinion "in regard to this abdominal condition." The only assignment of error is aimed at the refusal of this request.

[1] The rule is well settled that testimony by a physician as to a plaintiff's injury based on no objective appearance, but solely on plaintiff's statement as to the nature of the injuries, made in the course of an examination for the sole purpose of enabling the physician to testify, is incompetent (Gd. Trunk Ry. v. Tollard [C. C. A.] 286 Fed. 676); also, generally, that an expert cannot be allowed to give his opinion based upon statements made to him by parties out of court and not under oath (Rogers on Expert Testimony [2d Ed.] 113); and, generally, that an opinion based in any substantial degree upon subjective symptoms is inadmissible. In our opinion the case presented does not so clearly fall within the rules invoked as to justify reversal.

[2] On his direct examination the witness had testified to the making of a "thorough examination, * * * including blood pressure and all necessary adjuncts to determine his condition." In addition to tenderness over the entire spine, especially in the dorsal and lumbar regions, lack of reaction to spinal tests, and loss of reflex activity from the waist down, some pupillary change, as well as injury to the sciatic nerve (referable to the second and fourth lumbar vertebræ), liable to be caused by an injury to the small of the back, the witness testified to finding a rigidity and tenderness over the abdomen, especially over the stomach and bladder, which would indicate some internal trouble; also to the existence of a gap or separation over the right sacro-iliac joint, with some swelling, causing a spasmodic motion described as purely an objective symptom, over which the person has no control; also that sacro-iliac trouble produces pain at all times upon motion. Another medical witness for the plaintiff, who had made two examinations of plaintiff, the first about a month after he was hurt, the second on the morning of the trial, had already testified to finding at the lower part of the abdomen, not only tenderness, but muscular rigidity, any attempt to get beyond which met with muscular resistance; that this rigidity was an objective symptom, the ordinary man being unable to control his muscles through his will power, so that a certain part of

them would be rigid and others not; that the muscles in plaintiff's case are rigid on both sides at the lower part of the abdomen; that areas of tenderness generally would produce that rigidity; that, on the assumption that the rigidity was over the injured place, that would correspond to an injury which would be likely to produce blood from the lungs, bladder or kidney; also that pupillary reflexes are objective symptoms and wholly beyond the control of the patient; also that with sacro-iliac injury the condition becomes more painful the longer the use, especially if climbing or lifting is to be done; and that, assuming the presence of sacro-iliac trouble, and that it was caused by the accident in June, the probabilities are that there is no way of reducing it.

The cross-examination relied upon by defendant to bring this case within the rules of exclusion referred to is this: After the witness Pratt had testified on cross-examination that his opinion as to plaintiff's "disability and the fact that he continued to suffer pain or is unable to work" resulted from the diagnosis made by the witness "of the condition of the sacro-iliac joint and the abdomen," he was asked (1) whether the witness, in coming to the conclusion respecting the pain in the abdomen, took into account the history which the patient related to the witness, the witness answering that it was absolutely necessary to do so. In answer to the question (2) whether, had it not been for the history related by plaintiff to the witness, the latter could have arrived at that prognosis merely from his general examination, the answer was, "You would arrive at general conclusions with regard to the abdomen; no specific ones." In reply to the question (3) whether the word "history," used by the witness, meant "the subjective symptoms of the case, what the man complains of," the answer was, "I took the subjective symptoms, the history of different things that he told me occurred in the hospital, and since he left the hospital also." In answer to the question (4), "So that the conclusion you have expressed with regard to his abdomen is based on the history of the case which you acquired in the process of qualifying yourself as a witness?" the answer was, "And also upon a thorough examination." At this point the motion to instruct the jury was made.

It is noticeable that there was testimony that symptoms of the condition of the abdomen and sacro-iliac joint which the witness had narrated were objective. It is also noticeable that the "history" referred to is not defined other than by the words "the history which he related to you." The only history which we find mentioned in the examination of the witness was in the statement that in connection with the first examination "a thorough history was taken of Mr. Mangus from a time as far back to childhood as he could remember, covering his different diseases, etc., and the history of his accident," and throughout the testimony we find no mention by the witness of plaintiff's narrative of his symptoms. It is also noticeable that the statements of the witness, on both direct and cross examination, regarding the condition of plaintiff's abdomen, were general, rather than specific, and that the the witness did not directly state that his conclusions with regard to the condition of plaintiff's abdomen were based on subjective symptoms. The answer was in effect, "On the history of the case and also upon a

thorough examination." The history of the accident was already before the jury. The plaintiff had testified as to the manner in which the accident happened and the nature and extent of his injuries; a fellow employee had testified as to the plaintiff's appearance immediately after the accident. As already stated, the testimony of another medical witness had also been given. Had the witness Pratt stated, as he did not, that he had to rely in part upon subjective symptoms for his conclusion as to the condition of the abdomen, such testimony would still leave open the question which of the symptoms mentioned by the two physicians were actually subjective, and thus the peremptory instruction asked for would scarcely be justified. Of course, the witness could not assume, as he properly did for the purpose of his own testimony, that the plaintiff's condition was caused by falling from the box car, except as the witness was so told by some one, or in his testimony instructed so to assume.

Taking into account all these considerations, we think the court and jury not unequivocally bound to construe the record as meaning that the witness, in reaching the general conclusion stated on direct examination, relied substantially upon anything plaintiff had told him regarding his sufferings and history or regarding the circumstances of the accident. Moreover, the conclusion of the witness, stated on direct examination, that the condition he found would be permanent and that pain would be constant, did not in terms refer to the abdomen; it would be consistent with a recognition of the sacro-iliac condition as alone a sufficient cause, which condition had been specially stressed by the preceding medical witness. The same consideration also applies to the statement, on cross-examination, that "my opinion as to *his disability*, and the fact *he continued to suffer pain* or is unable to work, *results from* my diagnosis of the condition of the sacro-iliac joint and the abdomen."

In these circumstances, we think defendant not only not entitled to the unqualified instruction asked, unless further cross-examination, which was open to defendant (and we think fairly called for), should make it clear that the conclusion of the permanency of plaintiff's condition and the continuance of the pain was based in substantial part upon other than objective symptoms, but that, even if the refusal was technically error, it does not appear so material as to justify reversal, especially as it did not affirmatively appear that the abdominal condition stated was essential to the conclusion that the general condition found would be permanent, etc. Presumably defendant would have been entitled to an instruction (not asked) that the expressed opinion of the witness be disregarded, provided the jury should find that it was based in substantial part upon other than objective symptoms.

We are unable to say that defendant has been denied a fair trial with respect to the assessment of damages, which the trial judge regarded not excessive, as shown by his denial of motion for new trial based upon the ground, among others, that the verdict was excessive.

The judgment of the District Court is accordingly affirmed.