# STOUT v. UNITED STATES.

## HORN v. SAME.

### Nos. 1037, 1039.

District Court, W. D. Missouri, St. Joseph Division.

Sept. 14, 1928.

Goldman & Daley, of Kansas City, Mo., for plaintiffs.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, of Kansas City, Mo., on the brief), for the United States.

OTIS, District Judge.

These applications are based upon that provision of the World War Veterans' Act 1924, § 30 (38 USCA § 456) which reads as follows: "All files, records, reports, and other papers and documents pertaining to any claim for the benefits of the provisions of this chapter whether pending or adjudicated, shall be deemed confidential and privileged and no disclosure thereof shall be made except as follows * * * (b) where required by the process of a United States Court to be produced in any suit or proceeding therein pending. * * *"

It is the contention of the plaintiffs that the last proviso of the above-quoted section vests the United States court with authority to require the production before trial of files, records, etc., pertaining to the claim of a veteran. After careful consideration I have not been able to find this meaning in the statute.

The primary purpose of the statute quoted was to insure the nondisclosure by the Veterans' Bureau of the contents of any records pertaining to a veteran's claim. Such records are not to be disclosed to any one except in rare and specified instances. One of those instances is where a process lawfully issued by a United States court requires the production of such records. But the process must have been lawfully issued. Whether it is lawfully issued depends upon the provisions of law outside of the quoted statute. It was not the purpose of that statute to give to the United States District Court any power that it did not theretofore possess.

At common law a court could not at the instance of one party require his adversary to produce before the trial any part of that adversary party's private papers and documents. In equity such a power did exist and was made operative by a bill of discovery. Early in the history of the country the Congress by statute invested a somewhat similar power in law courts. That was by what is now section 724 of the Revised Statutes (28 USCA § 636).

This section provides that: "In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which

contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

Section 724 of the Revised Statutes, however, does not give to the United States court power to require a party to produce papers, documents, etc., before trial, but only at the trial, and then only under certain restrictions fixed by law. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842.

I know of no other authority than that conferred by section 724 under which a United States court may compel the production of papers and documents. That section as it has been construed does not avail the plaintiffs here. The section relied on by them will not bear the construction which they give it.

The applications are denied.