## KEATON v. KENNAMER, United States District Judge.

### No. 293.

### No. 293 Original.

Circuit Court of Appeals, Tenth Circuit.

July 24, 1930.

Robert B. Keenan, of Tulsa, Okl. for petitioner.

Frank T. McCoy and John T. Craig, both of Pawhuska, Okl., for respondent.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

A judgment was recovered in favor of the First National Bank of Barnsdall, which had taken over the Barnsdall National Bank, against G. R. Little, for his indebtedness to the bank. Then Keaton, receiver, sued Mary E. Little, wife of the judgment debtor, and others, charging that G. R. Little, then deceased, had conveyed certain real estate to his wife without consideration, for the fraudulent purpose of putting it beyond the reach of the creditors of the judgment debtor. The bill asked to have the conveyances set aside as fraudulent. That case came here on appeal. After the mandate the District Judge, on motion of Mary E. Little, entered an order that plaintiff permit an examination and copy of the individual ledger sheets in the two banks of G. R. Little, Mary E. Little, the Gateway Hotel and Rowe Little, by Mary E. Little or her attorney, in the presence of plaintiff or his attorney. This order was entered over the objection and exception of counsel for the receiver. The receiver then came here and instituted this proceeding against the District Judge, asking for the writ of prohibition commanding him to desist and refrain from compelling the petitioner to submit to the execution of the order. The substance of his complaint is that there was no sufficient showing to justify the order, that the motion on which the order was based did not disclose that the books or accounts to be examined contained any information or facts material to the controversy in suit, and that the application for the order was a mere fishing expedition on the part of defendants. Carpenter v. Winn, 221 U. S. 535, 31 S. Ct. 683, 55 L. Ed. 842. The paragraph next to the last one of Equity Rule 58 (28 USCA § 723) provides that the court or judge upon motion may require the inspection or production of documents in the possession of either party and containing evidence material to the cause or defense. The motion thus provided serves the same purpose as that formerly obtainable by bill of discovery; but we do not conceive that proceeding by motion, as the rule provides, permits a fishing expedition any more than did a bill of discovery.

The motion for examination of the books in petitioner's possession did not state that the ledger sheets of the two banks contained information or facts material in defense of the suit. It only alleged:

"And in support of said motion this defendant (Mary E. Little) alleges and states that for many months past she, through her attorney, has made repeated request of the plaintiff for certain information relative to these records and for permission to examine them on matters pertinent to this case, that her attorney has made a number of trips to Tulsa for such purpose, and that although plaintiff stated he would furnish defendant with such information and permit such examination, he continues to fail and neglect so to do, that it is necessary for defendant, in the preparation of her defense, to have an examination and copies and the right to inspect the originals of these records, and possibly others, belonging to said failed banks."

No other ground or reason for the examination is stated in the motion and it is not verified; nor does the order of the court made on the motion contain a finding that said bank books or any part of them contain, or likely contain, any information or facts material or relevant to the defense of the cause. The order recites that plaintiff objected to the examination because the books and records mentioned in the motion were not pertinent to any issue in the case, and it further recites:

"The court being advised in the premises is of the opinion that since G. R. Little, Mary E. Little and the Gateway Hotel and Rowe Little were customers of these banks, and since the plaintiff is a Federal officer charged with the custody of the records of said banks, that said parties are entitled to examine their own accounts and plaintiff owes a duty to said parties to permit such examination."

And thereon said order was made that plaintiff permit the examination. It would seem that such an order should not be made without a definite showing, by pleading and proof, that the books or documents sought to be examined contain, or probably contain, information or facts material in the trial of the cause, not then in the possession of the moving party. But the respondent in his answer here to the rule to show cause states:

"It was made to appear that the defendants in the action had been customers of said banks and that the transactions reflected by the various accounts of said defendants in said banks contained material and pertinent matters to the issues involved in the action."

The substance of this statement does not appear in the order, but accepting it as true it can hardly be said that the order was an improper one. Moreover, were it found to

816

have been improvidently entered it is not within our power to review and correct it in this proceeding. Section 377, title 28, U. S. Code (28 USCA § 377), provides in part: "The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." The limitation, it is observed, is to writs "necessary for the exercise of their respective jurisdictions." We have now no jurisdiction of the cause pending in the District Court, nor will our jurisdiction over that cause, that may be acquired in the future, be defeated by the enforcement of the order of inspection. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Barber Asphalt Paving Co. v. Morris (C. C. A.) 132 F. 945, 67 L. R. A. 761; Hammond Lumber Co. v. U. S. District Court (C. C. A.) 240 F. 924; In re Dennett (C. C. A.) 215 F. 673. Petitioner is not entitled to the writ.

Dismissed at his cost.