## MASSEY v. UNITED STATES.
### No. 20107.

District Court, W. D. Washington, N. D.
Dec. 24, 1930.

Stephen F. Chadwick and Geo. E. Flood, both of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., Tom De-Wolfe, Asst. U. S. Atty., and Lester Pope, Sp. Counsel, U. S. Veterans' Bureau, all of Seattle, Wash., for the United States.

NETERER, District Judge (after stating the facts as above).

The government resists the right to inspect. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842, and The Princess Sophia (D. C.) 269 F. 651. These cases are grounded on section 724, Rev. St. (28 USCA § 636), which "in the trial of actions at law * * * on * * * notice * * * require the parties to produce books * * *- in their possession, * * * " and the section was regarded as a short and quick way of obtaining documentary evidence for use in "the trial of an action at law. * * *"

The right, if any, the plaintiff has is under the World War Veterans' Act, title 38 USCA § 456, which provides: "All files, records, reports, and other papers and documents pertaining to any claim for the benefits of the provisions of this chapter, whether pending or adjudicated, shall be deemed confidential and privileged and no disclosure thereof shall be made except as follows: (a) To a claimant or his duly authorized representative, as to matters concerning himself alone, when in the judgment of the director such disclosure would not be injurious to the physical or mental health of the claimant; (b) Where required by the process of a Unit-

ed States court to be produced in any suit or proceeding *therein pending;* or when such production is deemed by the director to be necessary in any suit or proceeding brought under the provisions of this chapter. * * *" (Italics supplied.)

██ That no "fishing expedition" will be permitted by the court is stare decisis. Section 724, Rev. St. (28 USCA § 636), has no application here. The records and documents pertaining to any claim, etc. (such as plaintiff's), is properly held confidential as to the public, but as to the claimant is not a public disclosure, and is within the exception: "(a) When in the judgment of the director such disclosure would not be injurious to the physical or mental health of the claimant." 38 USCA § 456. This discretion the Congress meant, no doubt, should be reasonably exercised. Whether claimant has a remedy where denial is clearly arbitrary need not now be determined. In the interest of economy of time and expedition of the work of the greatly congested calendar of the federal courts, inspection should be encouraged before trial, to end that no delay for examination at trial will be occasioned. It is inconceivable, under the provisions of this act, where injury would accrue to the defendant by an inspection, before trial, of the records, reports, papers, and documents in its possession, pertaining to the claim. The purpose of the record is not to conceal the truth, but rather to find the truth and record the same in the interest of right and justice. It is a record made by the defendant, submitted to by the plaintiff, in the interest of both parties. "It was a relation of benevolence established by the Government at considerable cost to itself for the soldier's good." Justice Holmes, in White v. United States, 270 U. S. 175, 46 S. Ct. 274, 275, 70 L. Ed. 530. The benevolent concept of the government discloses a desire to reveal, rather than to conceal, any recorded fact relative to the beneficiary.

██ The purpose is to provide a system of relief to persons disabled. Title 38 USCA § 432. Every provision of the act exposes a desire to extend aid on behalf of the government; it enjoins upon staff employees the duty of aiding beneficiaries, and, until disagreement, the Bureau was acting for both parties. And since section 456, supra, provides (b) that the records, when required by the *process* of court, shall be produced *in any pending suit,* it is obvious that the intent of the Congress was to provide an opportunity for inspection, if denied by the Director, to the end that preparation may be made be-fore, rather than at, trial, and obviate resort to equity by bill of discovery by the beneficiary under the policy.

A "process" is merely a formal writing issued by authority of law. In re Martin, 86 N. J. Eq. 265, 98 A. 510; State v. Superior Court of Thurston County, 139 Wash. 454, 247 P. 942; see, also, In re Simon (C. C. A.) 297 F. 942; Frank Adams Elec. Co. v. Witman, 16 Ga. App. 574, 85 S. E. 819.

A suit is pending after complaint is filed, and process served on the defendant, or defendant has voluntarily appeared. Murray v. Hawkins, 144 Ga. 613, 87 S. E. 1068; Oregon-Washington R. & N. Co. v. Reed, 87 Or. 398, 169 P. 342, 170 P. 300. And in Re Connaway, 178 U. S. 421, at page 434, 20 S. Ct. 951, 956, 44 L. Ed. 1134, it is held that suit is pending from the time it is entered in court, and the court says: "The term 'pending' means nothing more than *'remaining* undecided,' an action may, without doubt, be considered as pending from the commencement." This was said of a suit where no process had been served or appearance made. In the instant case, the defendant has answered; the issue is made between the litigants.

The plaintiff has no right to demand of the defendant that it produce records, documents, and files which are not in the possession of the Veterans' Bureau, or perhaps within its power to produce. A right to an inspection of such files, reports, records, and papers and documents pertaining to the plaintiff's claim, which it has in its possession, is obvious. Such order may be presented on notice.