## TIERNEY v. UNITED STATES (two cases).

District Court, D. Minnesota, Second Division.
June 2, 1931.

Streissguth & Fordyce, of New Ulm, Minn., for plaintiffs.

L. L. Drill, U. S. Atty., and Joseph W. Finley, Asst. U. S. Atty., both of St. Paul, Minn., for the United States.

SANBORN, District Judge (after stating the facts as above).

These actions are at law to recover upon a policy of war risk insurance issued to Desmond Tierney, deceased, during his lifetime and while in the military service of the United States, which policy lapsed for nonpayment of the premium due July 1, 1919.

It is claimed by the plaintiffs that, prior to the lapse of the policy, the insured became totally and permanently disabled, thus maturing the policy.

Attached to the motion papers is an affidavit of Mr. Streissguth, stating that it is impossible for the plaintiffs to properly prepare for the trial of these actions without being afforded access and an opportunity to examine the files and records of the United States Veterans' Bureau with reference to the case of Desmond Tierney, who died in 1927. He also states that between the date of Tierney's discharge in 1919 and his death in 1927, he was in the United States Veterans' Hospital for the period of at least three years, where he was examined by physicians employed by the government, who filed their reports with the Bureau; that he was also examined by his own physician, Dr. Strickler, of Sleepy Eye, Minn., who filed his reports with the Veterans' Bureau; and that Dr. Strickler is now dead. That the files also contain a large number of affidavits and other statements made by Tierney and other persons in support of his claim for compensation, which affidavits, as Mr. Streissguth believes, contain valuable data and other information concerning Tierney's physical and mental condition subsequent to the date of his discharge, and that no copies of the affidavits or statements were retained by the deceased. That the officials of the Veterans' Bureau have refused to permit any examination of the medical reports or other files pertaining to Tierney's case, and that it is essential to the proper preparation of this case that the plaintiffs, their attorneys and medical experts, have an opportunity to examine the files and records of the Veterans' Bureau.

■■ In the absence of some special statutory provision, this court is powerless, in an action at law, to grant such a motion as this, requiring the production of documents in advance of the trial, for examination. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842. Title 28, U.S.C., § 636 (28 USCA § 636), regulates proceedings in a court of law for obtaining inspection of pertinent documents in the possession of an adversary at the time of trial, but not before. Carpenter v. Winn, supra.

■ A court of equity still retains jurisdiction to compel discovery in aid of an action at law in a proper case. Colgate v. Compagnie Francaise (C. C.) 23 F. 82; Carpenter v. Winn, supra; 18 C. J. 1062. The statement in Corpus Juris is as follows: "In the federal courts, the statutes making parties competent witnesses, and empowering the court in actions at law to compel the parties to produce books and writings have removed the necessity of resorting to bills of discovery in ordinary cases, but have not altogether abolished the jurisdiction to entertain them. Accordingly while jurisdiction of a bill for discovery in aid of an action at law will ordinarily be declined, and the mere equity to a discovery will not support a bill for relief obtainable at law, a bill of discovery may be maintained where the remedy at law by reason of special circumstances is inadequate, as where it is needed to discover who is the proper person to be made a defendant at law, or where it is desired to have a production and inspection of books and papers before trial, not obtainable at law under the statute."

See also, Hughes, Federal Practice, vol. 6, § 4005.

■ It is contended by the plaintiffs, however, that title 38, U.S.C., § 456 (38 USCA § 456), gives to the court the power to compel the United States Veterans' Bureau to permit an inspection of documents in such a case as this. That section provides, so far as here material, as follows:

"All files, records, reports, and other papers and documents pertaining to any claim for the benefits of the provisions of this chapter, whether pending or adjudicated, shall be deemed confidential and privileged and no disclosure thereof shall be made except as follows:

"(a) To a claimant or his duly authorized representative, as to matters concerning himself alone, when in the judgment of the director such disclosure would not be injurious to the physical or mental health of the claimant;

"(b) Where required by the process of a United States court to be produced in any suit or proceeding therein pending; or when such production is deemed by the director to be necessary in any suit or proceeding brought under the provisions of this chapter. * * *"

It is claimed by the plaintiffs that the language in subparagraph (b), "where required by the process of a United States court to be produced in any suit or proceeding therein pending," enlarges the powers of the United States courts with respect to compelling disclosure in advance of trial in such cases as these. The language used is not susceptible of that construction. The section makes the files and records of the Bureau confidential and privileged and prevents any disclosure except as provided. The words "where required by the process of a United States court" must be held to relate to such process as the United States court was authorized to issue at the time this section became effective, and not to constitute a grant of additional power.

■ It should perhaps be further stated that, under existing practice, the court may not permit an inspection of files and records which amounts merely to a "fishing expedition." See Colgate v. Compagnie Francaise, supra; Keaton v. Kennamer (C. C. A.) 42 F.(2d) 814; Carpenter v. Winn, supra.

In view of the fact that the court has no power to grant the motion of the plaintiffs, there is no necessity of passing upon the sufficiency of the showing made; but the statements contained in the affidavit are very broad and general, do not point out the particular documents desired, and their pertinency is left only to general inference.

One decision of the United States District Court for the Western District of Washington, Northern Division, filed December 24, 1930, in the case of Massey v. United States of America, 46 F.(2d) 78, sustaining the views of the plaintiffs, has been called to my attention, as has also a decision by Judge Otis, of the United States District Court for the Western District of Missouri, to the contrary. Judge Otis made his order September 14, 1928, in the cases of Clyde E. Stout, Plaintiff, v. United States of America, Defendant (Rexie Horn, Administratrix of the Estate of Zuland H. Horn, Deceased, Plaintiff, v. United States of America, Defendant) 51 F.(2d) 815.

There may be good reasons why the plaintiffs in cases of this kind should be permitted, in advance of the trial, to examine files and records in the Veterans' Bureau, but the courts, without the authorization of Congress, are powerless to grant such inspection, on motion.

It is ordered that the motion be, and the same is hereby, in all things denied.