**THIRD NAT. BANK & TRUST CO. v.
UNITED STATES.**

No. 5877.

Circuit Court of Appeals, Sixth Circuit.
Nov. 11, 1931.

E. L. Mikesell, of Dayton, Ohio (Robert N. Brumbaugh, of Dayton, Ohio, on the brief), for appellant.

C. L. Dawson, of Washington, D. C. (Haveth E. Mau and Frank Hier, both of Cincinnati, Ohio, Harry N. Routzohn, of Dayton, Ohio, William Wolff Smith, of Washington, D. C., and W. L. Metzger, of Cincinnati, Ohio, on the brief), for the United States.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

This suit was filed by Thaddeus C. Stewart to recover the benefits of a contract of insurance issued under the War Risk Insurance Act (38 Stat. 711, as amended). While the case was pending in the District Court, the Third National Bank & Trust Company was appointed guardian for Stewart, and substituted as party plaintiff. The sole issue made in the pleadings was whether Stewart became totally and permanently disabled while the policy of insurance was in effect. Upon this issue, the jury returned a verdict for defendant, upon which there was a judgment.

The first error assigned relates to the overruling of plaintiff's motion for a rule directing the defendant to produce the records of the Veterans' Bureau pertaining to Stewart for inspection by plaintiff's counsel in advance of trial. The question is not important in this case, but, as it has been made in other cases in this jurisdiction, we deem it advisable to state what we think is the proper rule with reference to such motions.

Section 30 of the World War Veterans' Act 1924 (38 USCA § 456), while declaring that the files, records, and reports pertaining to any claim filed with the bureau shall be deemed confidential, expressly provides for the disclosure of the record concerning a claimant to the "claimant or his duly authorized representative," when in the judgment of the director such disclosure would not be injurious to the claimant's physical or mental health. The act also authorizes a disclosure where required by a process of a United States court, or where deemed necessary by the director in any suit or proceeding brought under the act. These exceptions to the general provision of "no disclosure" not only contemplate the use of a claimant's record in a suit brought by him, but obviously mean that he may have access to it at any time, if not deemed injurious to his health. It is not claimed that any injury would have resulted to Stewart from an inspection of his record, and if it was in possession of counsel for the government at the time the motion was made, as presumably it was, counsel for plaintiff should have been permitted to inspect it upon request. We assume that a request was made and refused, and hence the question whether upon plaintiff's motion the court should have compelled its production for inspection.

Two grounds are advanced by the government in support of the court's ruling. One is that there was no affirmative showing that the record contained evidence pertinent to the issue in the case. Section 724 of Revised Statutes (section 636, title 28, USCA), which in the opinion of the trial court was the only authority under which it could act, does not specifically require that the moving party affirmatively show the pertinency of the evidence in the record, but merely confers upon courts of law the authority to require the production of a record if it contains evidence pertinent to an issue in the case. There are cases, no doubt, in which the per-

tinency of the evidence can only be made to appear upon proofs offered by the moving party. But the essential thing is that the record contain evidence pertinent to the issue, and, when that fact is apparent on the face of the pleadings, it follows of course that there is no need for supporting evidence. In this case, the question at issue was the same as that determined in the bureau, and upon the making of the motion it was to be presumed that the facts upon which the bureau acted were pertinent to the issue in suit. Further affirmation was unnecessary.

█ The other contention of the government is that the court was without power to compel the production of the record in advance of trial. This is the construction placed on section 724, Revised Statutes, in Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842, and, if the only authority which the court had was conferred by this statute, there can be no doubt that the motion should have been overruled. But section 30 of the World War Veterans' Act gave to the plaintiff the right to examine the record pertaining to Stewart at any time, and the same act authorized its use in an action brought in his behalf. The purpose of this act, as well as all legislation dealing with compensation or insurance for war veterans, is to extend aid to the veteran who may justly claim it. A necessary concomitant of this purpose is to make it as convenient as possible for the veteran to obtain the facts in regard to his claim, and have them adjudicated according to right and justice. Massey v. United States (D. C.) 46 F.(2d) 78. It may be, and no doubt often is, necessary to the proper preparation of a claimant's case that he be given access, in advance of trial, to the bureau's record pertaining to his claim. We think it is a part of the policy of the government to grant him this privilege. So while Congress provided in the World War Veterans' Act that the bureau records should be confidential, it at the same time wrote into the act the governmental policy of aiding the veteran by providing that he should have the right to inspect the record pertaining to himself, and that a United States court might require it to be produced in any suit brought in his behalf. It was the purpose of these provisions, in our opinion, to confer upon the courts the power of compelling the production of a claimant's record for his examination in advance of trial.

█ It is not to be understood from the conclusions stated that in every case where suit is filed it is the duty of the bureau to send its records to the claimant for inspection, or to do more than permit inspection at the bureau's convenience. What we hold is, that when suit has been filed and the record is in the possession of counsel for the government, it is within the power of the court to compel its production for examination in advance of trial. If in such case the record is not in the possession of counsel for the government but is in the files of the bureau, it would work no hardship on the bureau to furnish the record to its counsel in order that it might be inspected by counsel for claimant. This would extend to the claimant an opportunity, which in many cases could not otherwise be had, to obtain the data necessary to a proper preparation of his case. We conclude, therefore, that plaintiff's motion should have been sustained, and the defendant required to produce the record for inspection by plaintiff's counsel; but as it was produced at the trial, and there is nothing to show that the failure to produce it earlier resulted in prejudice, we further conclude that the overruling of the motion was not prejudicial error.

█ In the course of the trial, the plaintiff offered in evidence the official reports of the physicians who examined Stewart for the bureau. These reports consisted of the findings of the physicians, based on their examinations, with the statements made to them by Stewart at the time the examinations were made. The court admitted the findings, but excluded the statements. As the physicians themselves were not available as witnesses, we do not doubt that the findings were admissible in evidence under established exceptions to the hearsay evidence rule. The basis of these exceptions is that the obligation of the officer, coupled with his lack of personal interest, gives to his findings a sufficient guaranty of trustworthiness to admit them in evidence. United States v. Cole, 45 F.(2d) 339 (6 C. C. A.); United States v. Wescoat (C. C. A.) 49 F.(2d) 193; Wigmore, vol. III, § 1630 et seq. There was, however, no such guaranty of impartiality in the statements of Stewart. They were essentially self-serving and were inadmissible even if Stewart himself had not testified. The cases cited by appellant do not hold differently. In United States v. Worley (C. C. A.) 42 F.(2d) 197, and United States v. Carlson (C. C. A.) 44 F.(2d) 5, the question was not passed on. The ruling in United States v. Stamey (C. C. A.) 48 F.(2d) 150, was based on earlier decisions in other circuits, none of which went further than to admit the facts disclosed by the examination. This is also the full import of United States v. Cole, supra. Runkle v.

602

United States (C. C. A.) 42 F.(2d) 804, and The Rosalia (C. C. A.) 264 F. 285, involved opinion evidence based upon facts ascertained by examination. In United States v. Tyrakowski (C. C. A.) 50 F.(2d) 766, the statements were made for the purpose of obtaining treatment and were admitted as subjective symptoms found on examination. United States v. Wescoat, supra, holds only that·officials' records as to facts may be accepted in evidence where the persons making the entries are not available as witnesses. The same court in United States v. Wilson, 50 F.(2d) 1063, held that it was error to admit self-serving declarations contained in the reports of the bureau's physicians. The statements of Stewart, as we have said, were self-serving, and, as it was not contended by the government that his testimony on the trial was a fabrication of recent date (Ellicott v. Pearl, 10 Pet. 412, 439, 9 L. Ed. 475), we see no more reason to receive·those statements in evidence than to receive statements made to a physician to qualify him to testify as an expert. These latter statements are clearly inadmissible. B. & O. R. R. Co. v. Mangus, 294 F. 761 (6 C. C. A.); Hardy-Burlingham Mining Co. v. Baker, 10 F.(2d) 277 (6 C. C. A.).

■ Complaint is made of the refusal of the court to admit in evidence ex parte statements of physicians employed by the appellant to treat his disabilities. These statements were submitted to the bureau by Stewart in support of his pending claim and were part of the file which counsel for the government had in his possession at the trial. They were not official records in the sense that they contained reports and findings of officials of the bureau, and no showing was made that the physicians who made them were not available as witnesses. Without determining whether such documents may ever be received in evidence in a case of this kind, it is sufficient to say that, lacking a showing of the unavailability of the physicians as witnesses in this case, the court was quite right in not receiving their statements in evidence.

■ The court refused to admit in evidence the findings or conclusions of the bureau touching Stewart's claim of total permanent disability based, in part at least, on the reports of the bureau's physicians. The complaint of appellant on this account is not supported by any evidence of the contents of the findings. It is difficult to believe that plaintiff could have derived any benefit from the admission in evidence of an adverse finding by the bureau on the question at issue. However that·may be, counsel might have incorporated the findings into the bill of exceptions in order that this court could determine whether they had any evidential effect that made them admissible in evidence. This was not done, and, there being nothing in the record to indicate that plaintiff was prejudiced by the ruling, its claim of reversible error must be denied.· In its general aspect, which we think calls for consideration because of other cases in which the question has been raised, it is our view that such findings, based upon official reports, are inadmissible. In reaching this conclusion, we assume that the findings are made by a board formed within the bureau and authorized finally to determine for the bureau whether the claimant is or is not totally and permanently disabled. We also assume that the board so acting bases its decision upon facts disclosed in the official reports in the files of the bureau. If in these circumstances the board is composed of officials who are not physicians, their decision is merely an administrative determination of the question which is at issue in the action at law. On the other hand, if the board consists of physicians who, in reaching their decision, consider the reports of other physicians, their decision is but an opinion based upon the findings, and to some extent the opinions, of other physicians. The findings of the examining physicians being themselves admissible in evidence in the law case, there is no reason, it seems to us, to admit administrative opinions or conclusions based thereon.

■ While the administrative decisions of the bureau are a part of its records, and as such are evidence of what they purport to show, their admissibility in evidence in an action at law is subject to the rules of evidence relating to pertinency and probative value. Thus the finding of the bureau that Stewart was not totally and permanently disabled was not pertinent evidence touching that issue in an action at law which the statute (38 USCA § 445) authorized him to bring in the event of disagreement with the bureau. A suit brought under that statute, such as this suit, is not a proceeding to review as on appeal the decision of the bureau, but is an original action in which the issues must be tried like other fact issues in law cases. The findings of the bureau's physicians were admitted in evidence because they tended to prove facts pertinent to the issue in the case; total and permanent disability within the period covered by the policy. The findings of the bureau on that issue were but administrative in-

terpretations of the facts found by the physicians. Such administrative findings can have no probative effect upon the issue in the law case. Equitable Life Assur. Soc. v. Stinnett, 13 F.(2d) 820 (6 C. C. A.). There is nothing in McInerney v. United States (C. C. A.) 143 F. 729, and Evanston v. Gunn, 99 U. S. 660, 25 L. Ed. 306, which conflicts with this view. McGovern v. United States (D. C.) 294 F. 108, was based upon these two decisions and we think not only misconceives their meaning, but fails to take account of the rule that an official record is evidence only of what it purports to show, and, where the fact shown has no probative value or bearing on the issue, like other impertinent facts it is inadmissible.

■ The other errors assigned relate to the admission and rejection of parts of the testimony of an expert medical witness, and to the duty of the jury to find in favor of the plaintiff. With respect to the testimony of the expert, it is sufficient to say that we find no error in the rulings of the court. The other question is one of fact on which there was a conflict of evidence, and it ought not to be necessary to say that it is not the province of this court to determine the weight of the evidence as between conflicting theories.

The judgment is affirmed.