## PUGET SOUND NAV. CO. v. ASSOCIATED OIL CO.

### No. 892.

District Court, W. D. Washington, N. D.
Feb. 16, 1932.

⌖12.

Bogle, Bogle & Gates, of Seattle, Wash., for complainant.

Eggerman & Rosling, of Seattle, Wash., for defendant.

NETERER, District Judge.

A bill of discovery has been filed, alleging, in substance, that the defendant is seeking to recover from the complainant a large sum of money for sale of fuel oil, and counterclaim has been filed claiming a large sum by reason of overpayment on fuel oil purchased by reason of stipulation in the contract providing, in substance, that, if at any time the oil company should sell to any owner or operator of steamships oil at a lesser rate for a period of six months or more, for delivery at stated places, then the price to the complainant would be reduced to such lower sum, that the oil was sold to various and sundry parties for a less price, and that the complainant is unable to prepare his defense and counterclaim, unless the contracts are available for inspection before trial and discovery of facts which are necessary to such issue.

The defendant has moved to dismiss for the reason that, by the interrogatories propounded and the discovery demanded, they

do not involve documents or evidence pertinent to the issue presented by the law case, and that complainant has adequate legal remedy by way of motion to require the production of all documents and evidence pertinent to the issue at law and by way of deposition de bene esse. It relies upon section 724, Rev. St. (28 USCA § 636), as a legal remedy available.

This court in Massey v. United States, 46 F.(2d) 78, held that, in the interest of economy of time and expedition of the work of the greatly congested calendar of the federal courts, inspection should be encouraged before trial to the end that no delay for examination at the trial will be occasioned. The right of the plaintiff in that case was predicated upon World War Veterans' Act § 30 (38 USCA § 456), which gave to the plaintiff a special privilege, and the court permitted inspection before trial. This was approved by the Circuit Court of Appeals of the Sixth Circuit in the Third National Bank & Trust Co. v. United States, 53 F.(2d) 599, which cited that case with approval, while it has no application here, save and except as it does have relation to the economy of judicial procedure. In that case, as here, the adverse party asserted the sufficiency of section 724, supra.

Discovery is an equitable procedure for the discovery of facts to assist parties in another suit or court. At common law parties to an action were incompetent as witnesses, and an adverse party could not be compelled to produce documents material to the issue for use on trial. Courts of equity assumed and asserted inherent power and developed the procedure for bill of discovery. To invoke this right, it must show a cause of action, and in this it is distinguished from a "fishing bill," which shows no cause of action and seeks disclosure by the adversary of facts to support suit. The distinction between bill for relief and bill for discovery is: In the former, relief is sought in the same bill; and, in the latter, aid in another proceeding is sought. The complainant clearly states a cause for relief in its counterclaim in the law case, and, in this case, good reason for discovery of facts. The complainant has a contract and has paid under the contract sums of money, it charges, in excess of the stipulated amount by reason of the defendant selling fuel oil to others at a lesser rate, and it is necessary, to prepare the case for trial, that it have opportunity of examining these sales, and the only avenue is by bill of discovery; and with the bill it has filed pertinent interrogatories.

To relegate the complainant to section 724, supra, would necessarily protract the trial beyond reason. Discovery at trial would not be feasible. Under the defendant's theory, production could be compelled at trial, and no prejudice is invoked and no hardship imposed to require the information in advance under the bill of discovery when it may be of service in the administration of justice, rather than at trial, which would result in confusion; and thus aid in the exposition of truth, to the end that justice may be more readily and more speedily done, with no added annoyance and no prejudice to the defendant.

The jurisdictional right of discovery having been exercised by courts of equity for a time prior to rule or statutory provision for discovery of facts, it does not follow because a shortcut has been provided by section 724, supra, or court rule to produce documents at trial, that this jurisdiction has been superseded. There can be no ebb and flow of jurisdiction, dependent upon external changes, and this inherent power vests in courts of equity until limited or abolished by congressional limitation. And this has been recognized by the Supreme Court whenever the matter has been before it. In Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 685, 55 L. Ed. 842, the court said: "A court of equity does not lose its jurisdiction to entertain a bill for the discovery of evidence or to enjoin the trial at law until obtained, because the powers of the courts of law have been enlarged so as to make the equitable remedy unnecessary in some circumstances. * * * Leaving the parties to a bill of discovery, if they desire the production before the trial for the purpose of preparing for it."

This is the relief sought by the complainant, and is in the interest of economy of the court's time, as well as elucidation of truth. Union Pac. Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734.

While section 384, title 28, USCA (section 723, Rev. St. now Judicial Code § 267), provides, "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law," it is manifestly obvious that an adequate and complete remedy is not afforded to the instant complainant by section 724, supra, or court rule; and economy of time to the court, beneficial and conducive to the safe and convenient prosecution of the defense, is appealing to a chancellor. See, also, Colgate v. Com-

pagnie Francaise, etc. (C. C.) 23 F. 82; Safford v. Ensign 'Mfg. Co. (C. C. A.) 120 F. 480; United States v. Bitter Root Development Co. (C. C. A.) 133 F. 274; Pressed Steel Car Co. v. Union Pac. R. R. Co. (D. C.) 240 F. 135.

This suffices that the motion to dismiss the bill and objections to interrogatories must be denied.