## CHYTRACEK v. UNITED STATES.

District Court, D. Minnesota, Third Division.
April 21, 1932.

W. H. Fallon, of St. Paul, Minn., for plaintiff.

Joseph W. Finley, of St. Paul, Minn., for the United States.

CANT, District Judge.

Plaintiff was in the military service of the United States during the World War. This action is brought to recover on a policy of war risk insurance issued to him during the period of such service. Immediately connected with, and growing out of, the personal infirmities of which plaintiff complains, are certain files, records, and reports in the possession and control of the United

States Veterans' Bureau and especially in the custody and control of the officers connected with such Bureau at Minneapolis, Minn. These are said to contain information concerning the physical condition of plaintiff from time to time. Such files, records, and reports, have been prepared by officials connected with said Bureau, and are public or quasi-public documents. United States v. Cole (C. C. A.) 45 F.(2d) 339, 341; Third National Bank & Trust Co. v. United States (C. C. A.) 53 F.(2d) 599, 601 (6–8).

 Such documents, ordinarily, would be subject to inspection by any person having a legitimate interest therein. Clearly they are of much interest and importance, not only to the government, but as well also to the plaintiff. Under various circumstances, documents of the general character of those here involved may be withheld from public inspection: First, in the absence of legislation upon the subject, the executive officer having such documents in charge may deny such inspection if in his opinion the same would be prejudicial to the public interests. Second, by legislative enactment such documents may be either withheld from public inspection, or the right to such inspection may be established.

The documents here involved, and concerning which inspection is desired, are subject to the following statutory provisions, the same being a part of 38 U. S. C. § 456 (38 USCA § 456):

"All files, records, reports, and other papers and documents pertaining to any claim for the benefits of the provisions of this chapter, whether pending or adjudicated, shall be deemed confidential and privileged and no disclosure thereof shall be made except as follows:

"(a) To a claimant or his duly authorized representative, as to matters concerning himself alone, when in the judgment of the director such disclosure would not be injurious to the physical or mental health of the claimant;

"(b) Where required by the process of a United States court to be produced in any suit or proceeding therein pending; or when such production is deemed by the director to be necessary in any suit or proceeding brought under the provisions of this chapter."

In order that he may properly prepare his case for trial, plaintiff has made application to the proper officers having in charge the documents affecting his claim, for the privilege of inspecting the same. The right to such inspection has been denied, and he now applies for an order directing that the privilege which he seeks be accorded to him. The questions here involved, or questions somewhat related thereto, have been dealt with by the courts in the following cases: Massey v. United States (D. C.) 46 F.(2d) 78; Seattle Title Trust Co. v. United States (D. C.) 49 F.(2d) 818; Third National Bank & Trust Co. v. United States (C. C. A. 6) 53 F.(2d) 599, supra; Stout v. United States (D. C.) 51 F.(2d) 815; Tierney v. United States (D. C.) 51 F.(2d) 816.

In the first three cases last above cited, an inspection was allowed. In the last two cases, both from this circuit, and one by Judge Sanborn of this district, inspection was refused. Those opposed to allowing inspection rested mainly, if not entirely, upon the provisions of subdivision (b), supra, of section 456. In presenting the matter to the courts in those cases, reliance was placed solely on that subdivision, and relief was prayed on the theory that such subdivision, in itself, afforded a new remedy and clothed the courts with new power. Upon the matter as so presented, the views of the courts were undoubtedly correct. That subdivision, standing by itself, does not enlarge the power of the court to compel an inspection of documents in the control of an opposing party, and does not purport so to do. It merely specifies a second exception to the rule set forth in the opening paragraph of the section referred to, and which provides that documents of the character here in question shall be deemed confidential and privileged. The three cases which declared in favor of allowing the inspection were based mainly upon subdivision (a), supra. They were brought to enforce the right of inspection under that subdivision, where upon application therefor the right to such inspection had been denied. As already indicated, such also is the case at bar. Under such circumstances, the questions which arise are very different from those which arise where the application for relief is made under subdivision (b), and the latter may be entirely disregarded. The obvious purpose of the statute, having special reference to subdivision (a), was to declare that, as against a claimant whose rights are affected thereby, documents of the character here in question shall not be regarded as confidential or privileged, and that for his benefit they shall be open to inspection at all reasonable times, "as to matters concerning

himself alone." Such assurance so given was of great practical importance ·to the former service men, and the terms thereof should be faithfully observed.

If the purpose and intent of the statute were as above set forth, the same would be entirely defeated if the officer having such records under his control may successfully announce to an applicant for inspection, no matter how worthy the occasion, that the request is denied. In such cases, there should be some remedy available to the claimant. Where, as here, an action is pending, application for an appropriate order may be made to the court. If an action has not been commenced, and if an inspection shall be necessary, in order that the claimant may be advised as to his rights, court procedure is sufficiently ample to provide a proper remedy. No such inspection may fairly be called a mere experimental excursion to spy out the land and see what evidence may be discovered. The records are intended to be as much for the use of the claimant as for that of the government, and, in a field where it is sometimes most difficult to ascertain what the rights of a particular claimant are, it would be rather arbitrary and unfair to withhold from him records, from which, perhaps alone, his rights may be determined.

The application for relief presented in this matter is in accord with proper practice, and the inspection prayed for should be allowed.

The right here recognized should be interpreted as being subject to reasonable regulations as regards the time, frequency, place, and duration of the inspection.

The application as made in this proceeding is somewhat broader than the law will permit, and the order will be properly limited in its terms.