## MILLESON v. UNITED STATES.

### No. 9966.

Circuit Court of Appeals, Eighth Circuit.

May 29, 1935.

Benjamin E. Cook, of Ponca City, Okl., for appellant.

Fendall Marbury, Sp. Asst. to Atty. Gen. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, plaintiff in the court below, brought this action upon a policy of war risk insurance, which lapsed August 28, 1919, alleging that while he was in the service he received gunshot wounds which caused pains in his head, chest, heart, and back, and that "as a result of said gunshot wounds, exposure to all sorts and conditions of weather and to the general conditions of excitement incident to shell and machine gun fire, his nervous system was undermined to the end that he was, has been, and is, extremely nervous as a result thereof, and that, as a result of each and every disability hereinabove enumerated, plaintiff from October 5, 1918, has been permanently and totally disabled * * *." The government denied liability. The case was tried to a jury, which returned a verdict in favor of the government, and from the judgment entered thereon this appeal was taken.

The plaintiff challenges: (1) The sufficiency of the evidence to sustain the verdict; (2) the rulings of the court denying the plaintiff an inspection of the files and records of the Veterans' Bureau prior to trial; (3) the ruling of the court with respect to an alleged report of medical examination made by government physicians.

1. The plaintiff made no motion for a directed verdict at the close of the evidence; hence the question of the sufficiency of the evidence to sustain the verdict cannot be reviewed. We can review only rulings made by the trial court on questions brought to its attention and passed upon by it. Mansfield Hardwood Lumber Co. v. Horton (C. C. A. 8) 32 F.(2d) 851, 852; Ayers v. United States (C. C. A. 8) 58 F. (2d) 607, 608.

2. Twice before the case was called for trial, the plaintiff moved the court for an order compelling the United States Veterans' Bureau to afford him an opportu-

nity in advance of the trial to make a complete inspection of all files and records under the control of the Bureau affecting his case. These motions were denied. The plaintiff took exceptions to the orders denying them.

At the opening of the trial, the plaintiff orally moved the court to require the government to turn over to him all pertinent files and records. The government represented to the court that it had turned over to the plaintiff any records which he had specifically asked for. In ruling upon the motion, the court said:

"It is not the law that the plaintiff can require the defendant to turn over all of the defendant's files, of whatsoever nature for inspection and search on the part of the plaintiff. At the very most, the law contemplates that at the trial of the case, any specific record asked for should be furnished to the plaintiff in a case of this character for inspection and consideration. Certainly, it cannot be the law that the defendant must turn over all of its files to the plaintiff, any more than it can be the law that the plaintiff must turn over all of its files to the defendant.

"The oral motion, to the form and to the extent of the motion, is denied, but the Court says the defendant will give to the plaintiff any specific record which plaintiff asks for and describes."

No exception was taken by the plaintiff to this ruling. He then demanded, and, at the direction of the court, received from the government various reports and documents relative to his case. No request for any document, whether generally or specifically described, was denied by the court.

At no time during the trial, either before or after he had introduced his evidence, did the plaintiff make any suggestion or claim that he had been in any way prejudiced by the rulings of the court denying an inspection of the records of the Veterans' Bureau prior to trial or that any evidence had been withheld by the government which would have been helpful to his case. There is nothing in the record which would justify this court in saying that a complete inspection by the plaintiff of the government's records in advance of the trial would have affected the result.

While there is probably no disagreement as to the propriety or desirability of allowing a plaintiff in a war risk case free access to all pertinent government files and records prior to trial, there has been a difference of opinion as to the power of the court to compel the government to permit an inspection of such records in advance of trial, under section 456, tit. 38, U. S. C. (38 USCA § 456). For cases holding that the power does not exist, see Stout v. United States (D. C. W. D. Mo.) 51 F.(2d) 815; Tierney v. United States (D. C. Minn.) 51 F.(2d) 816; contra, Massey v. United States (D. C. W. D. Wash.) 46 F.(2d) 78; Chytracek v. United States (D. C. Minn.) 60 F.(2d) 325; Third National Bank & Trust Co. v. United States (C. C. A. 6) 53 F.(2d) 599, 600, 601; and see, also, Runkle et al. v. United States (C. C. A. 10) 42 F.(2d) 804, 806.

■ It is unnecessary, however, for us to pass upon this question. We shall assume, without deciding, that the court below had the power to compel the government to allow an inspection of its records prior to trial, and that it erred in denying the plaintiff's motions for such inspection. Since the records were produced at the trial, and since there is nothing before us which would justify a conclusion that the plaintiff suffered any prejudice because of the denial of his motions, we are forced to hold that the error—if any error was committed —was not prejudicial. In Third National Bank & Trust Co. v. United States, supra, 53 F.(2d) 599, page 601, it was said: "We conclude, therefore, that plaintiff's motion should have been sustained, and the defendant required to produce the record for inspection by plaintiff's counsel; but as it was produced at the trial, and there is nothing to show that the failure to produce it earlier resulted in prejudice, we further conclude that the overruling of the motion was not prejudicial error."

■ 3. Exhibit 5, purported to be a report of a physical examination of the plaintiff by several government physicians in the year 1924. It tended to show the physical condition of the plaintiff at the time, and the nature and extent of his disability. It indicated that he was then suffering from chronic bronchitis and that his gunshot wounds had caused some ankylosis and limitation of motion. The report apparently bore the signatures of the doctors who made the examination. This report was first offered in evidence without any foundation being laid for its admission. Counsel for the government objected on the ground that it had not been properly identified, and was hearsay. In this connection, he refused to admit that it was a rec-

ord of the Veterans' Bureau. The court thereupon ruled that the report was hearsay and inadmissible. No exception was taken to this ruling. The plaintiff, with the permission of the court, then endeavored to prove that the report was a part of the files of the Veterans' Bureau and was made by doctors employed by it. He called a Field Examiner of the Bureau, who testified that he did not have in charge the files and records concerning the plaintiff; that Exhibit 5 was taken from the "case file" of Eddie C. Milleson; that the doctors mentioned in the report were physicians and employees or part-time employees of the Bureau; and that he supposed, but did not know, that they made the examination as employees of the Bureau. Thereupon counsel for the plaintiff said: "Comes now the plaintiff and offers to show by Plaintiff's Exhibit 5 that this record will disclose that this veteran was suffering—." The court interrupted, saying: "You have offered Plaintiff's Exhibit 5 in evidence; it speaks for itself as to what it shows." The following exception was taken: "To which ruling and action of the Court plaintiff then and there excepted and still excepts." There was certainly no error in the court's ruling that the exhibit spoke for itself. The record fails to show that plaintiff's counsel, after he had laid his foundation for the admission of Exhibit 5, again offered it in evidence, or that the government objected to its being received in evidence, or that the court rejected it. Counsel seem to have assumed that the court made some ruling which was duly excepted to by the plaintiff and which constituted a final rejection by the court of Exhibit 5. If there was such a ruling, it is not to be found in the record. It is therefore unnecessary to consider whether the report was admissible or whether, if admissible, its rejection was prejudicial to the plaintiff's case. Apparently, however, the conditions upon which the disability of the plaintiff during the time that his policy was in force were based, were disclosed by the "78 pages of clinical records showing hospitalization of Eddie C. Milleson from October 5, 1918, to date of his discharge on July 27, 1919," which were received in evidence but are not contained in the record before us. It is at least doubtful whether Exhibit 5 was of consequence as having any tendency to prove total and permanent disability prior to October 5, 1919. See Eggen v. United States (C. C. A. 8) 58 F.(2d) 616,

619; Lumbra v. United States, 290 U. S. 551, 558, 54 S. Ct. 272, 78 L. Ed. 492. It may have been merely cumulative, in view of the clinical records admitted.

The judgment is affirmed.