**CANTOR v. RENO NAT. BANK et al.**
No. 2550.

District Court, D. Nevada.
Jan. 15, 1937.

William M. Kearney and John Davidson, both of Reno, Nev., for plaintiff.

N. J. Barry of Reno, Nev., for defendants.

NORCROSS, District Judge.

Plaintiff moved for an order and rule of court to require the receiver of the defendant bank to produce certain books and records in accordance with rule IX of the Secretary of the Treasury for the purpose of making available evidence which might therein be contained in support of the allegation of his complaint that at the time plaintiff made a certain deposit in said bank it was insolvent. At the conclusion of the hearing on the motion, the court suggested that respective counsel brief the question whether from facts admitted or within the judicial knowledge of the court, in the absence of proof to the contrary, the court could presume or legally infer that the bank was insolvent at the time of making the deposit in question. Briefs have been filed in pursuance of the suggestion.

Without detailing all the facts which the court may consider upon the motion, the following will here be stated: Plaintiff made deposit in defendant bank of currency in the sum of $1,100 about noon of Saturday October 29, 1932, just immediately prior to the closing of the bank for the week-end. The following Monday was a state holiday—Admission Day. The Acting Governor of the state issued a proclamation declaring banking holidays beginning November 1, 1932, and to continue for two weeks. By proclamation of the Governor such holidays were extended to a time subsequent to December 9, 1932, upon which date the Comptroller of the Currency took over the bank and appointed a receiver therefor. The bank observed the Governor's proclamation and did not open for business subsequent to its closing October 29, 1932.

The taking over of the defendant bank by the Comptroller of the Currency and the appointment of a receiver therefor is in effect a determination of insolvency which is not subject to question.

The question for determination is whether the court may infer, in the absence of a showing to the contrary, that the same condition of insolvency existed at the time of plaintiff's deposit which was coincident with the bank finally closing its doors to general banking business. A similar question has been considered

932

by courts in a number of cases, and the conclusion reached is that it comes within an exception to the general rule and should be answered in the affirmative. Federal Reserve Bank v. Idaho Seed Growers' Association (C.C.A.) 8 F.(2d) 922; Puget Sound Nav. Co. v. Associated Oil Co. (D.C.) 56 F.(2d) 605; Andrews v. Lytle (D.C.) 27 F.(2d) 898; Harlin v. Calvert's Adm'x, 253 Ky. 752, 70 S.W.(2d) 524; Sloss v. Taylor, 182 Ark. 1031, 34 S.W.(2d) 231; Beacon Trust Co. v. Wright, 288 Mass. 1, 192 N.E. 70; 22 C.J. 92; 10 R.C.L. 872; Wigmore on Evidence, par. 382. While doubtless not controlling as to time of actual insolvency in cases such as the instant case, the statute fixing liability of stockholders in national banks imposes a conditional liability on all stock holders who transfer their stock within sixty days of the date the bank is taken over by the Comptroller of the Currency and on stockholders who, prior to that time, transferred their stock with knowledge of impending failure of the bank to meet its obligations. 12 U.S.C.A. § 64.

As the court will infer insolvency of the defendant bank at the time of the deposit in question, the burden is shifted to defendants to overcome such inference. There is, therefore, no necessity for granting the motion, and the same is denied.